YVETTE MAY

*v.*

MELVYN MAY

(No. 13133)

Submitted October 3, 1972.     Decided December 5, 1972.

*William L. Jacobs,* for appellant.

*Wm. Bruce Hoff,* for appellee.

CARRIGAN, JUDGE:

In May, 1970, the plaintiff, Yvette May, filed her complaint in the Circuit Court of Ritchie County alleging that the defendant Melvyn May, owed her the sum of $7,570.80, on a certain written contract entered into between the parties on November 16, 1962. This contract dated November 16, 1962, between plaintiff and defendant is a very extensive and detailed seventeen-page separation agreement, reciting that the parties "have separated and since their separation have agreed to live separate and apart"; that they desired to make arrangements in connection with their separation including their property rights, support and education of their infant child, support and maintenance of the wife and other rights and obligations arising from the marriage relation. The defendant timely filed his answer in language as follows:

> *"ANSWER AND COUNTERCLAIM OF MEL-VYN MAY, DEFENDANT*
>
> *"Answer*
>
> *"First Defense*
>
> "1. Defendant denies that he owes the plaintiff the sum of $7,570.80, or any part thereof or any sum of money, whatsoever, as alleged in

Paragraph 1 of the complaint, and denies that any such indebtedness arises out of a written contract entered into by and between the parties to this action dated November 16, 1962, for the reason that said written contract of November 16, 1962, was and is void and of no force or effect.

*"Second Defense*

"2. Defendant alleges that a part of the consideration for said written contract of November 16, 1962, was the agreement of the parties thereto, then husband and wife, *'to live separately and apart during the rest of their lives,'* and, for this reason, said written contract of November 16, 1962, was and is contrary to and against public policy and, therefore, was and is void and of no force or effect.

*"Third Defense*

"3. Defendant alleges that the parties to this action who were and are the parties to said written contract of November 16, 1962, were, on said date, husband and wife, and, immediately prior to said date, were living together as husband and wife, and that said contract was entered into as a part of a collusive plan for the wife, Yvette May, the plaintiff in this action, to obtain a divorce from the husband, Melvyn May, the defendant in this action, which collusive plan was carried into effect by the institution of an action for divorce by Yvette May against Melvyn May in the First Civil Court of Bravos District, State of Chihuahua, Republic of Mexico, on November 21, 1962, followed by a decree of said Court, divorcing the parties to this action, entered on November 22, 1962, and defendant therefore alleges that said written contract was and is contrary to and against public policy, and, for that reason, was and is void, in its entirety, and of no force or effect.

"Wherefore, defendant demands judgment of the Court dismissing plaintiff's complaint and awarding to the defendant his costs in this behalf expended.

*"Counterclaim*

"4. Defendant realleges and incorporates herein by reference the allegations contained in

Paragraphs 2 and 3 of his answer to plaintiff's complaint.

"Wherefore, defendant demands the judgment of the Court adjudicating and determining that said written contract between the parties to this action of November 16, 1962, was and is void and of no force or effect, and that he be awarded his costs in this behalf expended."

The plaintiff filed no reply to defendant's counterclaim and thereafter defendant filed a motion for default judgment. Plaintiff thereupon filed a motion for judgment on the pleadings, attaching as an exhibit a copy of the contract dated November 16, 1962, and asserted that defendant had not denied the existence of the contract nor that money was due and owing thereunder. This motion was resisted by defendant, he asserting a denial of any monies owing under the alleged contract, and further contended, by reference to his answer, that the alleged contract was null and void as being contrary to public policy.

After a hearing on said motions, the circuit court entered a final order overruling plaintiff's motion for judgment on the pleadings, and further reciting plaintiff's failure to plead or otherwise defend as to defendant's counterclaim, granted defendant's motion for default judgment at the same time declaring that the written contract, "is void and of no force or effect."

The counterclaim of defendant simply "realleges and incorporates — by reference" the second and third defenses previously asserted. We are therefore confronted with the question as to whether defendant has in fact asserted a counterclaim which would require plaintiff to reply. If a counterclaim were proper in this action it would certainly have been a compulsory counterclaim, as described in R.C.P. 13 (a).

R.C.P. 8 (c) requires certain defenses, including illegality, to be set forth affirmatively. This rule further provides that where a party has mistakenly designated a defense as a counterclaim, or vice versa, the court, if

justice require, should treat the pleading as if properly designated. While not suggesting that defendant has mistakenly designated his counterclaim, yet it appears that such counterclaim is merely redundant in repeating the second and third affirmative defenses of illegality, and was not a true counterclaim, despite defendant's point of argument that his prayer sought a declaratory judgment that the November 16, 1962, contract was illegal. Defendant's affirmative defense of illegality, if sustained, by the court, would have had the same effect as a declaratory judgment in his favor, and would have made the matter res judicata.

While technically it would have been the better practice for plaintiff to have replied to the "counterclaim," yet as a practical matter all plaintiff could have replied was that the contract of November 16, 1962, was not illegal nor against public policy, and this issue was raised by defendant's affirmative defenses. We do not believe it proper to assert an affirmative defense as a counterclaim.

Assuming for the purpose of this case, however, that defendant's counterclaim was a proper pleading for a declaratory judgment, was the circuit court correct in holding the November 16, 1962, agreement void and of no force and effect? We think not.

This Court has held that the mere failure of an opposing party to appear in a declaratory judgment proceeding does not entitle the petitioner (defendant in this case) to a judgment based on his construction of the law applicable to the facts, but that admitting all material facts pleaded, the court must construe such facts or instrument and enter judgment in accordance with the law. See *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961). It appears from the order of the circuit court adjudging the separation agreement to be "void and of no force or effect," that such decision was made by reason of plaintiff's failure to reply to defendant's counterclaim rather than as an adjudication on the merits of the agreement itself. This we think was error.

The provisions of Subsection (7), Section 4, Article 2, Chapter 48, Code of West Virginia, 1931, enacted by Chapter 49, Acts of the Legislature, 1969, Regular Session, apparently give tacit approval to parties "mutually consenting" to live separate and apart and obtain a divorce after two years separation by such "mutual consent." Surely if the parties can agree to separate and, based on this fact, obtain a divorce under the above-cited statute, an agreement, such as that of November 16, 1962, here alleged is not contrary, on its face, to the public policy of this State.

We are of the opinion that the agreement of November 16, 1962, which is the subject of this action, has not been shown to be illegal and void as against the public policy of this State. See *Farley v. Farley*, 149 W.Va. 352, 141 S.E.2d 63 (1965) and *Smith v. Smith*, 125 W.Va. 489, 24 S.E.2d 902 (1943).

For the foregoing reasons the ruling of the circuit court that the agreement of November 16, 1962, was null and void is erroneous; the judgment entered February 9, 1971, is reversed and this case remanded for further proceedings.

*Reversed and remanded.*