132 N.J. Super. 589 (1975)
334 A.2d 394
VITO DEL VECCHIO AND LOUIS MUHAW, TRADING AS DEL'S DELIVERY SERVICE, INC., PLAINTIFF,
v.
OLD RELIABLE FIRE INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 21, 1975.
*590 Mr. Eugene D. Molinaro for plaintiff.
Mr. Dennis L. Riley for defendant (Messrs. Riley & Picciano, attorneys).
FEINBERG, J.C.C., Temporarily Assigned.
Vito Del Vecchio and Louis Muhaw, trading as Del's Delivery Service, Inc., purchased motor truck cargo insurance from defendant Old Reliable Fire Insurance Company, the period of coverage being from June 1, 1971 to June 1, 1972.
On Sunday, January 16, 1972, certain chattels were feloniously removed from plaintiff's warehouse, the premises having been forcibly entered. On the same day one Frank Masi was involved in an auto accident while driving a commercial vehicle owned by plaintiff. The stolen items were found in Masi's possession at that time. In addition, one Jaspar Evans gave a statement to police in which he related that he saw Masi at plaintiff's warehouse on the day of the theft. The fact that the day in question was a Sunday lends significant credence to Evans' statement, in that the *591 warehouse was closed on Sunday and Evans, who lived adjacent thereto, was able to observe any unusual activity, and that Masi was known to Evans as one of plaintiff's employees.
There is no dispute as to the fact of Masi's employment by plaintiff for two years prior to the theft, nor is there any dispute that the stolen goods were found in Masi's possession or that he thereafter retracted a not guilty plea and pleaded guilty to receiving stolen goods.
Defendant insurance company disclaims liability based on the following portion of the policy:
This policy is hereby extended to cover the risk of theft of an entire shipping package, excluding all pilferage; also excluding conversion, sabotage or other act of dishonest character on the part of the insured or his or their employees and/or agents.
The sole question before this court is whether this exclusionary clause is sufficiently clear and unambiguous to relieve defendant of liability for plaintiff's loss.
It is plaintiff's position that the loss is compensable, the exclusionary clause notwithstanding, because the theft occurred on a Sunday when plaintiff's warehouse was locked and idle, and Masi had no authority, permission or lawful means to enter the premises. Plaintiff contends that in light of the foregoing facts Masi, when he perpetrated the theft, was not an employee within the intendment of the exclusionary clause but a mere trespasser who came on the premises unlawfully and who, thereafter, engaged in the felonious conduct of breaking, entry and larceny. Masi's Monday-to-Friday employee status did not give him the right to enter the warehouse at other times, nor did it provide him with a set of keys or permission to enter at will  for example, the possession of keys would authorize his access to the goods at any time.
Plaintiff therefore alleges that the theft was of the type the insured could reasonably expect to be covered by his policy, i.e., a theft perpetrated by a trespasser gaining forcible, *592 illegal entry, with larcenous intent, after hours, and through such surreptitious means depriving plaintiff of his goods.
Defendant insurance company takes the position that the language of the clause is unambiguous, and since there is no dispute about the fact that Masi was plaintiff's employee at all times relevant, defendant relies on that fact alone to support its contention that the exclusionary clause is effective to relieve defendant of all liability for plaintiff's loss.
There are two cardinal rules applicable in the interpretation of insurance contracts. First, ambiguities are resolved in favor of the insured. Bryan Construction Co., Inc. v. Employers' Surplus Lines Ins. Co., 60 N.J. 375 (1972).
Second, exclusionary clauses are to be strictly interpreted. Butler v. Bonner & Barnewell, Inc., 56 N.J. 567, 576 (1970); Chicago Ins. Co. v. Security Ins. Co. of Hartford, 111 N.J. Super. 291, 295 (App. Div. 1970). Using these standards for construction, Old Reliable must show that plaintiff's contention as to the meaning of the clause was entirely unreasonable, plaintiff having shown the clause to be susceptible of more than one meaning. As long as plaintiff's interpretation is reasonable, the exclusionary clause should be inapplicable. Hanover Ins. Group v. Cameron, 122 N.J. Super. 51 (Ch. Div. 1973).
While no New Jersey cases have been found in which exclusionary clauses similar to the one involved in this case have been construed or where the question of employee status on a nonworking day is raised, it is nonetheless clear that the approach of the Supreme Court of this State to defenses to claims on insurance contracts has changed very substantially in recent years. As the court stated in Harr v. Allstate Ins. Co., 54 N.J. 287 (1969):
Our expressions have come in a variety of issues and contexts, but all have indicated as their keystone the goal of greater protection to the ordinary policy holder untutored in the intricacies of insurance. We have realistically faced up to the fact that insurance policies are complex contracts of adhesion, prepared by the insurer, not subject *593 to negotiation. We have stressed, among other things, the aim that average purchasers of insurance are entitled to the broad measure of protection necessary to fulfill their reasonable expectations; that it is the insurer's burden to obtain, through its representatives, all information pertinent to the risk and the desired coverage before the contract is issued; and that it is likewise its obligation to make policy provisions, especially those relating to coverage, exclusions and vital conditions, plain, clear and prominent to the layman. [at 303]
In construing the clause presently before the court guidance is provided by the above-quoted holding of our Supreme Court, as well as by the frequently enunciated and well settled proposition that if the language of a policy will support two meanings, one favorable to the insured and the other favorable to the insurer, that which will sustain coverage will be applied. Westchester Fire Ins. Co. v. Continental Ins. Co., 126 N.J. Super. 29 (App. Div. 1973); Mazzili v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 7 (1961). Applicable also is another settled principle, that purchasers of insurance are entitled to "the broad measure of protection necessary to fulfill their reasonable expectations." In the language of our Supreme Court, "their policies should be construed liberally in their favor to the end that coverage is afforded `to the full extent that any fair interpretation will allow'". Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482 (1961).
While these general guidelines for construction of challenged clauses in insurance policies are clearly imprinted on our case law, it is necessary to look to other jurisdictions for the few cases which deal with the issue presented in the instant case, i.e., if an employee of the insured is guilty of theft from his employer, can the insurer escape liability if the theft occurs when employee is not on the job and employee thefts are specifically excluded from coverage by the terms of the policy.
In Century Indemnity Co. v. Schmick, 351 Mich. 622, 88 N.W.2d 622 (1958), the Supreme Court of Michigan decided a case wherein an exclusionary clause, similar in every material respect to the one in the case at bar, was *594 held ineffective to relieve the insurance company of liability because the theft was perpetrated by an employee who entered the premises after hours by breaking and entering. The court found that the judicial policy of construing exclusion policies strictly against the insurers is a well-justified one. As the court stated:
* * * This is properly so since the insurer invariably drafts the contract of insurance and is therefore in a position to thoroughly understand its terms. In the event it desired to exclude acts of employees occurring during or after the hours of employment it could have easily said so. Employee can fairly be construed as meaning one who is active in the work for which he was employed and for which he was paid to do. [Emphasis supplied]
The court thereupon enunciated the axiomatic principle that insurers have the duty to use language which is clear and understandable to layman, and found that an ordinary layman would not have construed the word "employee" to mean other than during the period when he was acting in the work of the employer and during the time he was being paid for his services.
Frank Masi, in the case at bar, in breaking and entering the premises of his employer, certainly could not be considered to be acting in the work he was employed and paid to do. He was not an employee within the meaning of that term as used in the contract of insurance at the time of the burglary. This is at least a reasonable construction of the insurance contract, and if there is any doubt or ambiguity with reference to this clause of the insurance contract, it must be construed most favorably to the insured. The insurance company having accepted the premium and drafted the contract of insurance cannot say that it intended the language of the insurance contract to mean an employee while working or otherwise.
In Sehon, Stevenson & Co. v. Buckeye Union Ins. Co., 298 F. Supp. 1168 (S.D.W. Va. 1969), the United States District Court underscored the importance of making clear *595 whether "employee" encompasses nonworking as well as working hours. In that case plaintiff's employees removed property during the early morning hours when plaintiff's wholesale outlet was closed. However, an endorsement to the policy excluded coverage in the case of loss caused by "pilferage, appropriation or concealment of any property covered due to any fraudulent, dishonest or criminal act of any employee while working or otherwise. * * *" (Emphasis supplied).
The court found the Schmick case, supra, factually analogous, differing only in the significant detail that the Schmick exclusionary clause was fatally insufficient for want of what rendered the Sehon clause legally unassailable and fully effective to relieve the insurer of liability, i.e., the simple clarifying phrase "while working or otherwise." The Sehon court found the inclusion of that phrase to be not merely illustrative of the parties' intent but dispositive thereof, pointing out that without it the position of the parties would be "substantially altered."
When members of the public purchase policies of insurance they are entitled to the broad measure of protection necessary to fulfill their reasonable expectations. Plaintiff in the instant case could reasonably expect his insurance coverage to extend to losses arising out of the forcible breaking and entering of its premises, when said premises were locked, by a trespasser whose presence at such a time and whose entry by such means were manifestations of his felonious intent. Such trespasser's theft of plaintiff's chattels under the circumstances just described render his act the stereotypical possibility against which the protection of insurance is sought. And this is so regardless of the perpetrator's employee relationship to the victim during the normal workday when, had he tried to appropriate the chattels in question, his act would likely be classified as pilferage, conversion, sabotage or other act of dishonest character, and would unquestionably be excluded from coverage by the clear import of the exclusionary clause when hypothetically *596 applied to dishonest acts of employees occurring during working hours. But since the clause is not so clear about its applicability to times other than the normal work day, the ambiguity must be resolved in favor of the insured.
It is the conclusion of this court, therefore, that the exclusionary clause did not relieve defendant insurance company of liability herein. Judgment is therefore entered in favor of plaintiff in the sum of $3871.23, the loss as stipulated, less $500 deductible under the policy, or $3371.23, together with interest from March 15, 1973, the date of the filing of the answer by defendant insurance company, and costs of suit.