310 So.2d 868

**INTERSTATE FIRE AND CASUALTY COMPANY, a corporation**

v.

**Isaac D. BAKER.**

**SC 834.**

Supreme Court of Alabama.

March 27, 1975.

Rehearing Denied April 24, 1975.

Huie, Fernambucq, Stewart & Smith, Birmingham, for appellant.

**12**

Bell & Lang, Sylacauga, for appellee.

MADDOX, Justice.

This appeal involves an insurance coverage question. Isaac D. Baker contracted with a house mover, Bessemer Housemovers, Inc., to move his house. Before the house was "loaded out" it caught fire and burned. Baker claimed that the house mover was negligent in causing his house to burn. He sued the mover and obtained a final judgment in the sum of $15,000. There was evidence that a tenant was permitted to remain in the house while it was being prepared for moving and that the mover had hooked up temporary electrical wiring to the house. Baker claimed the temporary wiring was the cause of the fire.

Interstate Fire and Casualty Company became involved because it had issued a general liability policy to Bessemer Housemovers. Interstate denied coverage for the fire and claimed that two provisions in the policy excluded coverage.

Baker, as a judgment creditor, sued Interstate under the provisions of Title 28A, § 485, Code of Alabama, 1940 (Recomp. 1958) (1973 Supp.), and sought to have the insurance money provided for in the policy ($10,000), applied to satisfy his judgment.

The court, sitting without a jury, found for Baker and ordered Interstate to pay him $10,000 plus costs. The court, in an amended judgment order, noted a $250 deductible clause in the policy, and reduced the award to $9,750 plus costs. There was no cross-appeal, therefore, we do not discuss the validity of the amended order.

In its final judgment, the court said:

"* * * The Court finds that the house in question had not been removed from its foundation at the time of the fire loss here involved, and that the defense based on the policy provision relative to movement of structures is not good. The Court finds that the house in question was occupied at the time of the loss by a tenant not involved in this litigation and was not in the possession of Bessemer House Movers, Inc., and was not in its care, custody or control, and it was not for any purpose exercising physical control of the house, as these terms are used in the insurance policy here involved, and the defense based thereon is not good. The Court has considered the case of Fidelity Casualty Company of New York v. Landers, Supreme Court of Alabama, 1969, 283 Ala. 697, 220 So.2d 884, and this case appears to be both relevant and conclusive as to this issue."

Interstate appealed, claiming that there was no coverage. It relies on the same two policy provisions it claimed were applicable in arguments before the trial court.

Endorsement number G318 states:

"It is agreed that the insurance does not apply to bodily injury or property damage arising out of and occurring during the course of the movement of any building or structure by automobile or mobile equipment, *the period of movement being considered as commencing when such building or structure is removed from its old foundation and terminating when the unloading of the vehicle commences for the purpose of placing the building or structure on its new foundation."* [Emphasis added.]

Exclusion (i)(3) within the body of the contract reads:

"This insurance does not apply:

\*　　\*　　\*　　\*　　\*　　\*

(i) to property damage to

\*　　\*　　\*　　\*　　\*　　\*

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;"

Interstate argues that the facts show that the dwelling house which was destroyed was in the "care, custody or control of the insured," or that the insured was exercising physical control over the dwelling house when it was destroyed. If Interstate is correct, the exclusions prevent the insurance proceeds from being applied to Baker's judgment.

We will not detail the evidence, but we have examined the record, and we are of the opinion that the trial court did not commit error in applying the rule of Fidelity and Casualty Co. v. Landers, 283 Ala. 697, 220 So.2d 884 (1969), to the facts of this case.

There was testimony that the house had not been "loaded out," and that Bessemer Housemovers was not exercising such "care, custody or control" of the house to make either exclusion applicable. In short, the trial court's finding is supported by the evidence.

In *Landers,* 283 Ala. at 699, 220 So.2d at 887, this Court said:

"\* \* \* An overwhelming majority of cases support the view, either expressly or by implication, that the clause in the policy considered should be construed as referring to possessory handling of property as distinguished from proprietary control. See citations in 62 A.L.R.2d p. 1245. The issue here is whether or not appellee was in possessory control of the picker. If in possessory control, appellee was not covered by the policy."

Quoting with approval from another case, this Court, in *Landers,* continued:

"' \* \* \* "[C]are, custody or control" or "exercising physical control" depends not only upon whether the property is realty or personalty, but as well upon many other facts, such as the location, size, shape and other characteristics of the property, what the insured is doing to it and how, and the interest in and relation of the insured and others to it . . .'"

In *Landers,* this Court further observed, quoting from a South Carolina case: "' \* \* \* Care, custody or control of [and we might add "physical control"] property implies more than the mere right of access to it . . .'"

We find that the trial court did not err in determining that Interstate's policy provided coverage. The judgment of the trial court is affirmed.

Affirmed.

HAFLIN, C. J., and MERRILL, JONES and SHORES, JJ., concur.