356 S.E.2d 488

**NATIONAL MUTUAL INSURANCE COMPANY**

v.

**McMAHON & SONS, INC., a corp., Farmers & Mechanics Mutual Fire Ins. Co., etc. (Two Cases).**

**Nos. 17245, 17246.**

Supreme Court of Appeals of West Virginia.

April 15, 1987.

Charles F. Printz, Jr., Martinsburg, for appellant.

Peter L. Chakmakian, Charles Town, for McMahon.

William Richard McCune, Jr., Martinsburg, for Farmers & Mechanics.

McGRAW, Chief Justice:

This is an appeal from a declaratory judgment order entered by the Circuit Court of Jefferson County. The circuit court ruled that the plaintiff-appellee, National Mutual Insurance Company, had no obligation to defend or pay any liability of the defendant-appellant, McMahon and Sons, Inc. Following the entry of this order, Farmers and Mechanics Mutual Fire Insurance Company was allowed to intervene and joins as an appellant in this action.

This appeal presents peculiarly convoluted relationships combined with sparse factual development below. The circuit court made its ruling based on eleven stipulations of fact, the wording of the insurance policy exclusion involved, and taking judicial notice of two related civil actions.[1] For the reasons detailed below, we find that the record in this case contains insufficient information to support the circuit court's rulings. We, therefore, reverse and remand this case for further development.

The stipulated facts reveal that appellee National Mutual issued a general business liability policy to appellant McMahon and Sons on May 7, 1981 to insure its general contracting and real estate development activities. One month later, appellant McMahon and Sons entered into a contract to build a house for Harry J. McMahon, Jr. and Linda Fike. Harry J. McMahon, Jr. signed the contract both as the president of appellant McMahon and Sons and as the home owner. The contract provided that the owner would "carry fire and other associated lines of insurance." Appellant Farmers and Mechanics wrote a fire policy for McMahon and Fike as the home owners.

Sometime after the appellant McMahon and Sons began work on the house, a fire broke out while the contractor's workers were present. The partially built house was destroyed. Appellant McMahon and Sons does not deny negligence in connection with the fire's origin.

In Civil Action No. 82–C–149, McMahon and Fike secured a judgment against appellant Farmers and Mechanics. They have since accepted payment in full satisfaction and compromise of that judgment. Farmers and Mechanics, as subrogee, has since filed a negligence suit, Civil Action No. 83–C–48, in the name of McMahon and Fike against appellant McMahon and Sons. An answer has been filed to the complaint in that action, but the record is not clear as to any further proceedings therein. The instant case is the third lawsuit rising from the ashes of the fire. Appellee National Mutual contends that an exclusionary clause in the general liability policy relieves it of any liability to appellant McMahon and Sons regarding Civil Action No. 83–C–48. Appellant McMahon and Sons argues that

1. The circuit court's pretrial order indicates that it took judicial notice of Civil Actions No. 83–C–48 and 82–C–149, "particularly the homeowners' insurance policy ... and the Court's findings of fact, which are *res adjudicata.*" The homeowners' policy referred to by the circuit court is not included in the record of this appeal, nor are the findings of fact. In addition, the circuit court fails to explain why the findings of fact in Civil Action No. 82–C–149, which involved Harry J. McMahon, Jr., Linda Fike McMahon, and Farmers and Mechanics Insurance Company should be found to be res judicata as to McMahon and Sons, Inc. and National Mutual Insurance Company, the parties in this action at the time of the circuit court's order. *See Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983); *see also Survey of Developments, Civil Procedure,* 86 W.Va.L.Rev. 479, 497–500 (1983–84).

there was coverage under the policy and that, in any case, appellee National Mutual should be estopped from denying coverage because it undertook to defend Civil Action No. 83–C–48.

After reviewing the stipulations of fact, the general business liability policy, and the briefs of the parties, the circuit court issued its order, holding that appellant McMahon and Sons had not properly raised the defense of estoppel and that, because of the operation of the policy exclusion, the appellee had no obligation to defend or pay any liability of appellant McMahon and Sons in the pending Civil Action No. 83–C–48. Some six months later the circuit court granted, apparently without objection, appellant Farmers and Mechanics motion to intervene as a defendant, ruling that the company was "a necessary party and should have been named as a party to this action initially."

## I.

■ As an initial matter, appellant Farmers and Mechanics contends that the circuit court erred in entering its declaratory judgment order without first requiring that McMahon, Fike, and Farmers and Mechanics be made parties to the action. Appellant Farmers and Mechanics asserts, in

essence, that, as a practical matter, it is less likely to be able to enforce any judgment obtained in Civil Action No. 83–C–48 if the appellee is relieved of all liability under the policy issued to appellant McMahon and Sons.[2] Thus, appellant Farmers and Mechanics contends that its interests have been harmed by the entry of judgment in the declaratory action below.

In declaratory judgment actions, "all persons shall be made parties who have or claim any interest which would be affected by the declaration." W.Va.Code § 55–13–11 (1981 Replacement Vol.). In addition, the Rules of Civil Procedure provide for the joinder, if feasible, of a person claiming an interest in the action whose rights might be impaired or impeded if he is not included in the action. W.Va.R.Civ.P. 19(a).[3]

■ Prior to 1978, Rule 19 classified "persons having a joint interest" as either "necessary" or "indispensable." *See Capitol Fuels, Inc. v. Clark Equipment Co.,* 176 W.Va. 277, 342 S.E.2d 245 (1986). The current rule, however, simply describes persons who are "to be joined if feasible." W.Va.R.Civ.P. 19(a); *see Dudley v. Smith,* 504 F.2d 979, 983 n. 5 (5th Cir.1974). Rule 19(a) establishes guidelines for the joinder of parties but, by reducing the probability

2. Farmers and Mechanics says the same logic applies to the requested joinder of McMahon and Fike individually. Since, however, they have accepted payment in full satisfaction and compromise of the judgment in Civil Action No. 82–C–149, they no longer have any interest in this dispute, either legal or practical.

3. The entire text of Rule 19(a) and (b) is set out below.

> Rule 19. Joinder of Persons Needed for Just Adjudication. (a) *Persons to be joined if feasible.*—A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he

be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

> (b) *Determination by court whenever joinder not feasible.*—If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

that a party will be found to be indispensable, provides a trial court with more flexibility in the matter of joinder, *see* Commentary, *Amendments to West Virginia Rules of Civil Procedure* (April, 1978); Olson, *Modern Civil Practice in West Virginia* § 5.09 (1984), and the trial court exercises discretion in determining which parties will be joined, *see* Syl. Pt. 1, *Dixon v. American Industries Leasing Co.*, 157 W.Va. 735, 205 S.E.2d 4 (1974).

■ Given our disposition of this appeal, we need not determine whether appellant Farmers and Mechanics is a "necessary" or "indispensable" party. The question now becomes whether the circuit court properly allowed intervention. Because it increases the likelihood of a full and adequate resolution of the issues, a trial court's decision to join an available party in a declaratory judgment action will not be reversed lightly. We detect no error in the circuit court's decision to allow appellant Farmers and Mechanics to intervene and expect that it will fully participate in the case on remand.

## II.

The appellants once again contend that the appellee should be estopped from denying coverage under the liability policy because the appellee undertook the defense of Civil Action No. 83–C–48. The trial court ruled that appellant McMahon and Sons had failed to properly raise the defense of estoppel and observed that, even if the issue had been properly raised, the stipulated facts were insufficient to support a conclusion that estoppel attached.

■ We adopt the general rule that an insurer's knowledgeable, unconditional conduct of the defense of an action brought against its insured may constitute a waiver of the terms of the policy and an estoppel of the insurer to assert any such grounds. *See* 44 Am.Jur.2d *Insurance* § 1423 (1982); *Insurance Company of North America v. National Steel Service Center*, 391 F.Supp. 512 (N.D.W.Va.1975), *aff'd*, 529 F.2d 515 (4th Cir.1976). While there are several exceptions to the general rule, *see* 44 Am.Jr.2d *Insurance* § 1424 (1982), the one relevant to this case involves prejudice as an element of estoppel.

■ Detrimental reliance is essential to the assertion of waiver or estoppel. *Mundy v. Arcuri*, 165 W.Va. 128, 267 S.E.2d 454 (1980). While the party asserting waiver or estoppel has the burden of proving it, *id.*, we will presume prejudice resulted where an insured has shown that his insurer assumed the defense of an action, *see Pendleton v. Pan American Fire & Casualty Co.*, 317 F.2d 96 (10th Cir. 1963); *Campbell Piping Contractors, Inc. v. Hess Pipeline Co.*, 342 So.2d 766 (Ala. 1977); *Vornado, Inc. v. Liberty Mutual Insurance Co.*, 106 N.J.Super. 111, 254 A.2d 325 (1969). The insurer may, of course, rebut this presumption by presenting evidence to show that no prejudice actually resulted and that the insured did not relinquish his right to conduct his defense.

■ On remand, appellant McMahon and Sons should be allowed to amend its pleadings to assert the defense of estoppel[4] and any relevant evidence on this issue should be received.

## III.

We now turn to the primary issue in this case—whether an exclusionary clause in the general liability policy should operate

---

**4.** Estoppel is a defense which must be affirmatively set forth in a responsive pleading. W.Va. R.Civ.P. 8(c); *see May v. May*, 156 W.Va. 307, 193 S.E.2d 160 (1972). Appellant McMahon and Sons failed to assert estoppel in its answer, but it did argue the issue in the brief submitted to the trial court. The general rule that courts should freely allow amendments to the pleadings, W.Va.R.Civ.P. 15(b), has limited application in the case of estoppel, which does not necessarily tend to secure an adjudication on the merits. *See* Syllabus, *Farmer v. L.D.I., Inc.*, 169 W.Va. 305, 286 S.E.2d 924 (1982); Syllabus, *State ex rel. Board of Education v. Spillers*, 164 W.Va. 453, 259 S.E.2d 417 (1979). Nevertheless, since this case must be remanded for further factual development, appellant McMahon and Sons should be allowed to amend its answer in order to assert estoppel as a defense, as it is apparent that the appellee will not now be prejudiced by the sudden assertion of the defense and will have an ample opportunity to meet the issue. *See* Syl. Pt. 5, *Nellas v. Loucas*, 156 W.Va. 77, 191 S.E.2d 160 (1972).

to relieve the appellee of any obligation to defend or pay any liability of appellant McMahon and Sons arising from the pending Civil Action No. 83–C–48. The language of the policy promises that the appellee will defend the insured against any suit for bodily injury or property damage and pay all sums which the insured becomes legally obligated to pay, up to the dollar limits of the policy. This insuring agreement, however, is followed by sixteen exclusions, including the one at issue here, which provides that the insurance does not apply:

(j) to property damage to

(1) property .owned or occupied by or rented to the insured,

(2) property used by the insured, or

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control but parts (2) and (3) of this exclusion do not apply with respect to liability under a written side-track agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the named insured.

██ Unlike the circuit court, we do not find the language of this exclusion to be plain and unambiguous, especially when, as in the instant case, the exclusion is asserted in relation to real property. *United States Fire Insurance Co. v. Schnabel*, 504 P.2d 847 (Alaska 1972); *Harris, Jolliff & Michel, Inc. v. Motorists Mutual Insurance Co.*, 21 Ohio App.2d 81, 255 N.E.2d 302 (1970); *see Boswell v. Travelers Indemnity Co.*, 38 N.J.Super. 599, 120 A.2d 250 (1956). "It is well settled law in West Virginia that [ambiguous terms in] insurance contracts are to be strictly construed against the insurance company and in favor of the insured." *West Virginia Public Employees Insurance Board v. Blue Cross Hospital Service, Inc.*, 174 W.Va. 605, 328 S.E.2d 356, 359 n. 3 (1985); *See* Syl. Pt. 3, *Polan v. Travelers Insurance Co.*, 156 W.Va. 250, 192 S.E.2d 481 (1972). This rule applies in this case not only be-

cause the appellee chose the policy language, *Polan* 156 W.Va. at 256, 192 S.E.2d at 484, but because where the policy language involved is exclusionary, it will be strictly construed against the insurer in order that the purpose of providing indemnity not be defeated. *Pan American World Airways, Inc. v. Aetna Casualty and Surety Co.*, 505 F.2d 989 (2d Cir.1974); *Prickett v. Royal Insurance Co.*, 56 Cal.2d 234, 14 Cal.Rptr. 675, 363 P.2d 907 (1961); *DelVecchio v. Old Reliable Fire Insurance Co.*, 132 N.J.Super. 589, 334 A.2d 394 (1975); *St. Paul Fire and Marine Insurance Co. v. S.L. Nusbaum and Co.*, 227 Va. 407, 316 S.E.2d 734 (1984).

While we have not previously had occasion to examine a care, custody, and control exclusionary clause, a review of the relevant decisions in other jurisdictions quickly reveals that whether the clause acts to relieve the insurer from providing coverage depends heavily upon the facts presented in each case. Mustachio, *Manufacturers' and Contractors' Liability Insurance Policy: The Care, Custody, or Control Exclusion Clause*, 6 Hous.L.Rev. 359, 374 (1968); 43 Am.Jur.2d *Insurance* § 720 (1982); *see Estrin Construction Co. v. Aetna Casualty and Surety Co.*, 612 S.W.2d 413, 421 (Mo.Ct.App.1981). After the circuit court has developed on the record the necessary facts and considered each of the factors discussed below, it will be in a better position to determine if the exclusion should apply in this case. The circuit court should consider the purpose of the exclusionary clause, whether it may appropriately be applied in this case, and the role of appellant McMahon and Sons' reasonable expectations.

██ A primary purpose of the care, custody, and control exclusion is to prevent the general liability insurer from becoming the guarantor of the insured's workmanship. *Stewart Warner Corp. v. Burns International Security Services, Inc.*, 527 F.2d 1025 (7th Cir.1975); *Royal Indemnity Co. v. Smith*, 121 Ga.App. 272, 173 S.E.2d 738 (1970); *Hendrix Electronic Co. v. Casualty Reciprocal Exchange*, 297 So.2d 470 (La.Ct.App.1974). From the stipulated

facts, it is clear that the workmanship of appellant McMahon and Sons is not involved here, and so this reason for allowing the exclusion to operate does not apply.

■ In determining whether to apply such an exclusion several courts have utilized a multi-factor analysis with regard to the property involved. *Ohio Casualty Insurance Co. v. Terrace Enterprises, Inc.,* 260 N.W.2d 450 (Minn.1977); *Elcar Mobile Homes, Inc. v. D.K. Baxter, Inc.,* 66 N.J.Super. 478, 169 A.2d 509 (1961). We adopt a similar test and in determining whether a care, custody, and control exclusion applies, this Court begins its analysis by examining (1) whether the property is personalty or realty, (2) the location, size, and other characteristics of the property, and (3) the insured's relationship to the property, including the insured's duties with respect to the property, the nature and extent of the insured's control over the property, and any interest the insured may have in the property.

■ In this case, the property involved is realty, a factor which favors coverage. *Ohio Casualty,* 260 N.W.2d at 453. The stipulated facts provided us yield little information regarding the other two tests. We note, however, that several courts have refused to apply the exclusion when it was shown that the insured did not have exclusive control of the property, especially when noninsured owners and tenants continued to exercise some control. *Interstate Fire and Casualty Co. v. Baker,* 294 Ala. 11, 310 So.2d 868 (1975); *Home Indemnity*

*Co. v. Leo L. Davis, Inc.,* 79 Cal.App.3d 863, 145 Cal.Rptr. 158 (1978); *see Stewart Warner Corp.,* 527 F.2d 1025. If, on remand, the appellee could show [5] exclusive control in appellant McMahon and Sons, this would be a factor militating toward application of the exclusion. However, proof of this issue is complicated by the identity between the insured and one of the home owners.

■ The final matter to be considered in examining the applicability of the exclusion is whether appellant McMahon and Sons had a reasonable expectation of coverage under the general liability policy. This Court has adopted the doctrine of reasonable expectations. "An insurance contract should be given a construction which a reasonable person standing in the shoes of the insured would expect the language to mean." *Soliva v. Shand, Morahan & Co.,* 176 W.Va. 430, 345 S.E.2d 33, 35–36 (1986); *see Perkins v. Doe,* 177 W.Va. 84, 350 S.E.2d 711 (1986); *Hensley v. Erie Insurance Co.,* 168 W.Va. 172, 283 S.E.2d 227 (1981); *Thompson v. State Automobile Mutual Insurance Co.,* 122 W.Va. 551, 554, 11 S.E.2d 849, 850 (1940). With respect to insurance contracts, the doctrine of reasonable expectations is that "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations." Keeton, *Insurance Law Rights at Variance with Policy Provisions,* 83 Harv.L.Rev. 961 (1970).[6]

---

**5.** An insurance company seeking to avoid liability through the operation of an exclusion has the burden of proving the facts necessary to the operation of that exclusion. *Estrin,* 612 S.W.2d at 419; *Leverette v. Aetna Casualty and Surety Co.,* 157 Ga.App. 175, 276 S.E.2d 859 (1981); *Michigan Mutual Liability Co. v. Stallings,* 523 S.W.2d 539, 545 (Mo.Ct.App.1975).

**6.** The doctrine is also recognized by other authorities. "[C]ourts in construing and applying a standardized contract seek to effectuate the reasonable expectations of the average member of the public who accepts it." Restatement (Second) of Contracts § 237 comment e. "[T]he construction adopted is that which a reasonable person in the position of the insured would have understood the language used to mean." 2 *Couch on Insurance 2d* § 15.16, p. 174 (1984).

In applying the doctrine of reasonable expectations to standardized insurance contracts, we must reject that portion of the reasoning in *Soliva* which is based on the general rule that a party to a contract has a duty to read the instrument. While this rule may equitably be enforced with regard to a contract negotiated at arm's length between parties of reasonably equivalent bargaining power and signed by each, it would be unfair to apply the general rule in the case of the modern insurance contract. These policies are contracts of adhesion, offered on a take-it-or-leave-it basis, often sight unseen until the premium is paid and accepted, full of complicated, almost mystical, language. "It is generally recognized the insured will not read the detailed, cross-referenced, standardized, mass-produced insurance form, nor under-

**742**

In West Virginia, the doctrine of reasonable expectations is limited to those instances, such as the present case, in which the policy language is ambiguous. *Soliva*, 176 W.Va. at 433, 345 S.E.2d at 36; *contra Estrin*, 612 S.W.2d 413; *Corgatelli v. Globe Life & Accident Insurance Co.*, 96 Idaho 616, 533 P.2d 737 (1975).[7] Where ambiguous policy provisions would largely nullify the purpose of indemnifying the insured, the application of those provisions will be severely restricted. *Linden Motor Freight Co. v. Travelers Insurance Co.*, 40 N.J. 511, 193 A.2d 217 (1963); *see* Keeton, 83 Harv.L.Rev. at 976. An exclusion in a general business liability policy should not be so construed as to "strip the insured of protection against risks incurred in the normal operation of his business," especially when the insurer was aware of the nature of the insured's normal operations when the policy was sold. *Chemtec Midwest Services, Inc. v. Insurance Company of North America*, 279 F.Supp. 539 (W.D.Wis. 1968); *see Boswell*, 38 N.J.Super. 599, 610, 120 A.2d 250, 255.

Where an insured has a reasonable expectation of coverage under a policy, he should not be subject to technical encumbrances or to hidden pitfalls. *Gerhardt v. Continental Insurance Co.*, 48 N.J. 291, 225 A.2d 328 (1966). An insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain, and clear, *id.* at 298, 225 A.2d at 332, placing them in such a fashion as to make obvious their relationship to other policy terms, *Mills v. Agrichemical Aviation, Inc.*, 250 N.W.2d 663, 673 (N.D.1977), and must bring such provisions to the attention of the insured, *Young v. Metropolitan Life Insurance Co.*, 20 Cal. App.3d 777, 98 Cal.Rptr. 77 (1971). Of course, the insurer may avoid liability by proving that the insured read and understood the language in question, or that the insured indicated his understanding through words or conduct. *See Young*, 20 Cal.App.3d 777, 98 Cal.Rptr. 77; *Aetna Casualty & Surety Co. v. Haas*, 422 S.W.2d 316 (Mo.1968).

On remand, the circuit court should develop a sufficiently detailed record to allow it to decide whether the care, custody, and control exclusion may equitably be allowed to operate under all the facts of this case.

Reversed and Remanded.

---

stand it if he does." *C & J Fertilizer, Inc. v. Allied Mutual Insurance Co.*, 227 N.W.2d 169, 174 (Ia.1975); *accord,* 3 *Corbin on Contracts* § 559 (1960); Keeton, 83 Harv.L.Rev. at 968. The majority rule is that the insured is not presumed to know the contents of an adhesion-type insurance policy delivered to him, 7 *Williston on Contracts* § 906 B (1963), and we hereby adopt the majority view.

7. The requirement of ambiguity is based on the fact that the doctrine of reasonable expectations is essentially a rule of construction, and unambiguous contracts do not require construction by the courts. *See, e.g.,* Syl. Pt. 1, *Columbia Gas Transmission Corp. v. E.I. duPont de Nemours and Co.*, 159 W.Va. 1, 217 S.E.2d 919 (1975); Syl. Pt. 1, *Christopher v. United States Life Insurance Co.*, 145 W.Va. 707, 116 S.E.2d 864 (1960).