# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Paul Davis and Laura Davis,**
**Plaintiffs Below, Petitioners**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0985** (Jefferson County 10-C-19)

**State Farm Fire and Casualty Company,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Paul Davis and Laura Davis, by counsel Stephen G. Skinner, appeal the Circuit Court of Jefferson County's order granting partial summary judgment to respondent on July 23, 2012. Respondent State Farm Fire and Casualty Company, by counsel E. Kay Fuller, filed its response to which petitioners replied.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners purchased a Personal Articles Policy ("policy") from State Farm Fire and Casualty ("State Farm") to insure an antique diamond engagement ring. The policy provides a Loss Settlement provision which states:

> **Loss Settlement.** We have the option of repairing or replacing the lost or damaged property. Unless otherwise stated in this policy, covered property values will be determined at the time of loss or damage. We will pay the cost of repair or replacement, but not more than the smallest of the following amounts:
>
> a. the full amount of our cost to repair the property to its condition immediately prior to the loss or damage;
> b. the full amount of our cost to replace the item with one substantially identical to the item lost or damaged;
> c. any special limit of liability described in this policy; or
> d. the limit of liability applicable to the property.

Petitioners claim that in September of 2009, Petitioner Laura Davis chipped and fractured

1

the diamond in the engagement ring.[1] Petitioners reported the claim to State Farm and claim they were told that they were required to use a State Farm preferred jeweler to repair or replace the damaged diamond. The State Farm adjuster, Craig Bohn, advised that State Farm would not accept a repair/replacement quote from petitioners' jeweler of choice because that jeweler, Christian Caine, was not a "preferred vendor." Petitioners claim Mr. Bohn told them if they wanted to go to Christian Caine for repairs, petitioners would have to pay out-of-pocket for the substantial difference above what State Farm's "preferred vendor" would charge. Petitioners assert that State Farm had never previously disclosed the existence of either its "jewelry replacement program" or its "preferred vendors," as neither term is used in the policy. In addition, petitioners claim they were told that if they wanted to make a claim, they would have to drive to Hagerstown, Maryland, to allow one of State Farm's "preferred vendors" to inspect the ring and obtain a "replacement quote."

On October 25, 2009, Petitioner Laura Davis drove to Hagerstown to meet with the manager of State Farm's "preferred vendor," and the manager and a colleague examined the ring and confirmed that the diamond needed to be replaced. The manager advised that because the diamond needed to be replaced, the salvage stone needed to be sent to State Farm. Mrs. Davis says she was also told that if she wanted to keep the diamond, she would have to pay State Farm the salvage value. State Farm's settlement offer would then be reduced by the salvage value. Mrs. Davis was also told that if she wanted the preferred vendor to replace the diamond, she would have to return another day to select a replacement diamond. When Mrs. Davis asked the manager for documentation that showed that State Farm required salvage, the manager gave Mrs. Davis the "State Farm Insurance Jewelry Replacement Question Form," which petitioners contend directed the preferred vendor to send the diamond to State Farm for salvage purposes.

Petitioners claim they asked Mr. Bohn where in the policy does it state that State Farm is allowed to keep petitioners' diamond as salvage, but Mr. Bohn was unable to identify any such language in the policy. He advised petitioners that it was not his decision and that he would have to speak to his manager about the situation. When petitioners followed up with Mr. Bohn approximately one week later, Mr. Bohn told them corporate legal counsel was still looking into the matter. Petitioners claim that State Farm counsel determined that while salvage was not a term used in the policy, principles of equity supported State Farm's demand for salvage. Petitioners then filed their action on January 22, 2010, setting forth a declaratory judgment action and claims for breach of contract, first-party bad faith, and unfair trade practices act (UTPA) violations.

Petitioners' action for declaratory judgment requested that the court determine the following: 1) whether State Farm can "demand" that petitioners have their ring repaired at State Farm's "preferred discount jeweler" or be forced to pay the difference; and 2) whether petitioners can be required to surrender their heirloom diamond (or pay the salvage value when the ring is repaired). Petitioners' complaint also sets forth allegations that State Farm breached its contractual obligations to petitioners. State Farm obtained an order from the circuit court

---

[1]The parties do not appear to dispute that the diamond at issue is covered under the policy or that the diamond was damaged during the policy period.

permitting it to inspect the ring.[2] State Farm determined its cost to replace the stone and repair the ring setting and made an offer of $7,942 on April 1, 2011. In its offer, State Farm indicated that petitioners were under no obligation to repair the ring with its preferred vendor or to repair the ring at all. Additionally, State Farm agreed as a litigation compromise to waive its right to salvage concerning the damaged stone.

Petitioners filed a motion for summary judgment, and State Farm filed a motion for partial summary judgment. After considering the motions, the circuit court concluded that State Farm was entitled to partial summary judgment because there was no justiciable controversy stated within the declaratory judgment portion of the complaint. The circuit court determined that the waiver of any right of salvage by State Farm also rendered moot the declaratory judgment count of the complaint. The circuit court also stated that there had never been an attempt by State Farm to "force" petitioners to utilize any specific vendor to perform repairs or replacement of the ring or stone; because that issue had never been placed in controversy, the circuit court found that it was not required to rule on same. Thus, the circuit court found that summary judgment was appropriate, as there is no justiciable controversy or any genuine issue of material fact.

The circuit court addressed the salvage issue by stating that in its offer, State Farm indicated it was making no claim for salvage of the ring or stone, again leaving petitioners free to keep the damaged diamond to do with as they see fit. The court noted that provides a windfall to petitioners because it allows them to retain the property and also be reimbursed for the property. Therefore, the second request for relief in the declaratory judgment action is moot and no justiciable controversy exists. The court found there was no genuine issue of material fact to be decided with regard to either of the issues raised in the declaratory judgment count, so State Farm was entitled, as a matter of law, to summary judgment for the entire declaratory judgment portion of the complaint. Finally, the circuit court found that State Farm had adjusted petitioners' claim and made a commensurate offer. Therefore, there is no valid breach of contract claim against State Farm. The circuit court granted partial summary judgment to State Farm, striking with prejudice all counts of the complaint which seek declaratory judgment or allege breach of contract. This order was entered on July 23, 2012. Petitioners appeal that order.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson [v. Liberty Lobby, Inc.]*, 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60, 459 S.E.2d 329, 337 (1995).

In its petition for appeal, petitioners assert six assignments of error. First, petitioners argue that the circuit court failed to consider petitioners' uncontroverted affidavit which not only raised genuine issues of material fact, but set forth a valid reasonable expectations claim. The affidavit at issue was signed by Petitioner Laura Davis on June 4, 2012, and was filed as an exhibit to petitioners' motion for summary judgment before the circuit court. The thirty-six

---

[2]It is disputed by the parties whether the 2009 inspection by State Farm's preferred vendor was a sufficient inspection to allow State Farm to make a settlement offer at that time.

paragraph affidavit essentially set forth Mrs. Davis's version of events beginning with the purchase of the policy in November of 2000, and ending with State Farm's demand that the ring be given to State Farm for salvage, which she contends is contrary to the "plain language" of the policy. Initially, this Court notes that petitioners argued before the circuit court that the material facts with respect to the coverage issues are not in dispute. Additionally, we find no error in the circuit court's implicit finding that the affidavit did not create a genuine issue of material fact. With regard to petitioners' reasonable expectations, this Court has found that "the doctrine of reasonable expectations is limited to those instances . . . in which the policy language is ambiguous." *National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W. Va. 734, 742, 356 S.E.2d 488, 496 (1987) (citations omitted), *overruled on other grounds by Potesta v. United States Fid. & Guar. Co.*, 202 W. Va. 308, 504 S.E.2d 135 (1998). When petitioners filed their motion for summary judgment before the circuit court, they asserted arguments based on the plain and unambiguous language of the policy. Therefore, we find the doctrine of reasonable expectations inapplicable to the facts of this case.

Petitioners' second assignment of error is that the circuit court failed to view the facts in the light most favorable to petitioners when it found, without any supporting evidence, that State Farm does not require insureds to use its preferred vendors to set the repair/replacement cost of damaged jewelry. "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." *State v. Robertson*, No. 11-1618, 2013 WL 657885 (W.Va. February 21, 2013), *quoting* Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997). Petitioners' second assignment of error misstates the circuit court's findings. In its action for declaratory judgment, petitioners requested that the circuit court determine whether State Farm could "demand" that they have their ring repaired at State Farm's "preferred discount jeweler" or be forced to pay the difference. In answering that question, the circuit court determined that petitioners had a duty to present the ring to respondent or its vendors for inspection so that State farm could determine "our cost" to repair or replace the ring pursuant to the policy. Following that inspection, State Farm made a settlement offer, indicating that petitioners were under no obligation to repair the ring with the preferred jeweler or to repair the ring at all. Therefore, in reviewing the factual findings set forth by the circuit court in its order, the arguments of the parties, and the record before this Court, we do not find that the circuit court's factual findings were clearly erroneous with regard to the preferred vendor issue.

The third assignment of error is petitioner's contention that the circuit court violated the "law of the case" doctrine by allowing State Farm to re-assert an argument that petitioners' request for a declaration on salvage was moot when a prior judge already ruled against State Farm and found petitioners' claim was justiciable. Judge Yoder heard argument on State Farm's motion to dismiss and denied that motion. However, when State Farm filed its motion for partial summary judgment, Judge Frye was the presiding judge.[3] Petitioners contend that State Farm re-

---

[3]By Supreme Court Administrative Order entered on March 22, 2012, Senior Status Judge Andrew N. Frye, Jr. was assigned to the Twenty-Third Judicial Circuit to preside over the

asserted identical arguments to those rejected by Judge Yoder before Judge Frye without advising Judge Frye of the significance of Judge Yoder's prior ruling or the finality thereof. Petitioners also claim that State Farm misrepresented Judge Yoder's findings to Judge Frye. State Farm, however, argues that the doctrine of the "law of the case" is inapplicable, as the doctrine does not apply laterally to a trial court. It contends that the doctrine applies when an appeal has been taken to this Court, but there has been no prior appeal in this matter. It argues that one of the purposes of the doctrine is to provide guidance when a case is remanded "so that when the case comes back to the circuit court the judge may there have the judgment of the supreme court on all points of law that arise in the case and know what he is doing and save the party the second trial." *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W.Va. 802, 808, 591 S.E.2d 728, 734 (2003). State Farm argues that because there was no prior appeal, there are no remand instructions for the trial court regarding the salvage issue. State Farm also argues that petitioners ignore the different standards applicable to motions to dismiss and motions for summary judgment, as Judge Yoder denied a motion to dismiss while Judge Frye granted a motion for partial summary judgment following discovery. In their motion for summary judgment, petitioners stated that the material facts with respect to the coverage issues were not in dispute. Thereafter, State Farm filed a cross-motion for partial summary judgment arguing that the salvage issue was moot because it had waived any right to salvage. At that point, the parties agreed that there was no genuine issue of material fact to be tried as to the declaratory judgment action. Prior to ruling on the motion for summary judgment, the circuit court had access to the entire circuit court file, including orders entered by any other judges who previously presided over the case. The parties also had the opportunity to present those orders to the presiding judge in their entirety. Our review of the record reveals that the circuit court had ample evidence before it to support its grant of partial summary judgment to respondent. This is further supported by petitioners' statement to the court that there were no genuine issues of material fact prior to respondent filing its motion for partial summary judgment. Thus, in applying a de novo standard of review, we find no error in the circuit court's grant of partial summary judgment to respondent, regardless of any issues related to the "law of the case" doctrine. *See* Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Petitioners' fourth assignment of error is that the circuit court erred in finding that petitioners' declaratory judgment action on the salvage issue was moot when the remaining breach of contract and bad faith/unfair trade practices act claims required a ruling on the impropriety of State Farm's repeated and unsupported salvage demands. The fifth assignment of error is intertwined with the fourth, as petitioners assert that even if the salvage issue was moot, the matter falls within several exceptions to the mootness doctrine. It is undisputed that after the initiation of the declaratory judgment action, State Farm waived any claim or right to the ring for salvage. Therefore, the circuit court found petitioners' claims based on the salvage demand to be moot. Petitioners argue that while the issue was technically moot, the circuit court was not automatically precluded from considering the same.

> Three factors to be considered in deciding whether to address technically moot
> issues are as follows: first, the court will determine whether sufficient collateral

---

former docket of John C. Yoder and the cases described in Chief Judge David H. Sanders's Administrative Order executed on March 21, 2012.

consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Syl. Pt. 1, *Israel v. Secondary Schools Activities Commission,* 182 W.Va. 454, 388 S.E.2d 480 (1989). When the circuit court awarded partial summary judgment to respondent, State Farm had offered what it purports to be sufficient compensation to replace the diamond in the engagement ring, in addition to waiving any claim or right to the diamond at issue. Thus, there are not sufficient collateral consequences that will result from determination of the questions presented so as to justify relief. In regard to the second and third factors set forth in *Israel*, this Court does not find the issue of chipped engagement rings or salvage rights in personal articles policies to be of great public interest or likely to be repeatedly presented to the trial court yet escape review at the appellate level due to their fleeting and determinate nature. For these reasons, and based upon our review of the record, this Court finds that petitioners' claim does not fall within any of the exceptions of the mootness doctrine so as to justify consideration of the salvage claim. Therefore, we find no error in the circuit court's finding of mootness as to the salvage issue.

Petitioner's sixth and final assignment of error is that the circuit court erred in granting summary judgment on petitioners' breach of contract claim without any supporting evidence. Petitioners argue that State Farm asserted a conclusory statement that it complied with all contractual obligations to petitioners, though such assertion is unsupported by competent evidence. Petitioners argue that in granting partial summary judgment to respondent, the circuit court overlooked the fact that petitioners were forced to sue their insurer in order to keep their family diamond. State Farm contends that it fulfilled all contractual obligations to petitioners and was, therefore, entitled to summary judgment with regard to petitioners' breach of contract claim. Respondent further argues that based on the admittedly plain language of the Loss Settlement provision, it is contractually obligated to adjust petitioners' claim and pay petitioners its cost to either repair or replace the damaged property. Respondent claims that it fulfilled these obligations. Once permitted to complete its inspection, State Farm promptly made an offer to petitioners based upon its cost to replace the stone and repair the setting. Thus, there was no breach of contract, and there is no genuine issue of material fact related to this issue.

As set forth above, "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." *State v. Robertson*, No. 11-1618, 2013 WL 657885 (W.Va. February 21, 2013), *quoting* Syl. Pt. 2, *Walker v. West Virginia Ethics Commission*, 201 W.Va. 108, 492 S.E.2d 167 (1997). It is evident from the circuit court's order that it considered the parties' arguments and the record before it, including the language of the policy and the offers made prior to reaching its decision. We, therefore, find that the circuit court

did not abuse its discretion in granting summary judgment to respondent on petitioners' breach of contract claim.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis