345 S.E.2d 33

**Alfredo R. SOLIVA, M.D.**

v.

**SHAND, MORAHAN & CO., INC., etc., et al.**

**No. CC957.**

Supreme Court of Appeals of West Virginia.

June 11, 1986.

Paul E. Pinson, Williamson, W.T. Shaffer, Gale R. Lea, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Graham Smith, Jr., J. Brooks Lawson, Jr., Williamson, for appellants.

H. Truman Chafin, Williamson, for appellee.

BROTHERTON, Justice:

This is a certified question from the Circuit Court of Mingo County which asks this Court whether a medical malpractice insurance company is required to defend and pay a judgment on a claims-made policy where a claim was made against the insured more than a year after the policy had expired. The Circuit Court answered this question in the affirmative. We reach the opposite conclusion for the reasons set out below.

On May 25, 1980, Dr. Alfredo R. Soliva contracted with Evanston Insurance Company ("Evanston") for a policy of malpractice liability insurance on a "claims-made" basis for a period of one year, ending May 25, 1981. For unknown reasons, he chose not to renew the Evanston policy and instead contracted with Aetna Life and Casualty ("Aetna") for a malpractice insurance policy beginning June 1, 1981. The Aetna

policy was an "occurrence" policy. On June 1, 1981, Evanston sent a certified letter to Dr. Soliva, offering an "optional extension period" as provided for in the Evanston policy. Dr. Soliva chose not to avail himself of this offer.

On June 12, 1982, Dr. Soliva was sued for malpractice which allegedly occurred between August 8, 1980, and November 24, 1980. Because the action was not filed prior to May 25, 1981, Evanston denied coverage on the basis that a claim was not made during the policy period. Aetna denied coverage because the alleged malpractice occurred before the effective date of the Aetna policy.

Dr. Soliva, finding himself apparently without insurance coverage, then instituted suit against both insurers and Shand, Morahan & Co., Inc., the insurance agent for Aetna. Both Evanston and Aetna moved for summary judgment. The court below sustained Aetna's motion but denied the summary judgment for Evanston. Upon its own motion the court then entered an order of certification pursuant to W.Va. Code § 58–5–2 (Supp.1985), requesting that this Court consider the following question:

> Is defendant, Evanston Insurance Company, required to defend and pay judgment, if any, on behalf of Dr. Soliva when the claims made medical malpractice insurance policy written by defendant had expired more than one year before the claim or demand received by the plaintiff for money or services was first made against him?

The circuit court answered this question in the affirmative.

In stating his case to this Court, Dr. Soliva makes several contentions, which include:

(1) The claims-made language of the policy was ambiguous.

(2) Dr. Soliva's reasonable expectations were not fulfilled; and

(3) West Virginia law prohibits a claims-made insurance policy which does not include a tail provision of at least two years duration;

We now address these points.[1]

### I.

Interpreting contracts of insurance is a problem often seen by this Court. Like any other legal problem, there is no automatic answer when one party claims that there is an ambiguity. Instead, to determine whether a provision in an insurance contract is ambiguous, we look to four rules of construction.

(1) The contract should be read as a whole with all policy provisions given effect. *See generally* 2 *Couch on Insurance 2d* § 15:29 (rev. ed. 1984). If the policy as a whole is unambiguous then the insured will not be allowed to create an ambiguity out of sections taken out of context.

(2) The policy language should be given its plain, ordinary meaning. *See, e.g., Adkins v. American Casualty Co.*, 145 W.Va. 281, 285, 114 S.E.2d 556, 559 (1960). In no event should the plain language of the policy be twisted or distorted. *See Green v. Farm Bureau Mut. Auto. Ins.*, 139 W.Va. 475, 477, 80 S.E.2d 424, 425 (1954). A doubt which would not be tolerated in other kinds of contracts will not be created merely because the contract is one of insurance. *See generally* 2 *Couch on Insurance 2d* § 15:86 (rev. ed. 1984).

(3) A policy should never be interpreted so as to create an absurd result, but instead should receive a reasonable interpretation, consistent with the intent of the parties. *See, e.g., Thompson v. State Auto. Mut. Ins.*, 122 W.Va. 551, 554, 11 S.E.2d 849, 850 (1940).

(4) If, after applying the above rules, reasonably prudent and intelligent people could honestly differ as to the interpretation of the contract language, then an ambiguity will be said to exist. *See* syl. pt. 1, *Prete v. Merchants Property Ins.*, 159 W.Va. 508, 223 S.W.2d 441 (1976); 2 *Couch on Insurance 2d* § 15:84 (rev. ed. 1984). Any ambiguity in an insurance contract will be interpreted against the insurer un-

---

**1.** Other points of error raised by Dr. Soliva we found to be groundless and dismiss summarily.

less it would contravene the plain intent of the parties. *See, e.g.*, syl. pt. 2, *Marson Coal Co. v. Insurance Co. of Pa.*, 158 W.Va. 146, 210 S.E.2d 747 (1974).

█ In this case, the policy, when read as a whole, clearly states that coverage was limited to claims made during the policy period. The claims-made language was stated in several places in the policy, including a page to itself which stated in bold type: .

Claims Made Policy

This policy is limited to liability
for only those

CLAIMS THAT ARE FIRST MADE

AGAINST THE INSURED DURING

THE POLICY PERIOD.

Please review the policy carefully.

The plain meaning of this warning is clear, and after reading it no reasonable man could have honestly believed that the policy would cover a claim made a year after the policy expired. Therefore, no ambiguity existed, and the plain language of the contract controls.[2] "Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl. pt. 1, *Christopher v. United States Life Ins. Co.*, 145 W.Va. 707, 116 S.E.2d 864 (1960).

## II.

Dr. Soliva contends that the requirement that the courts give a reasonable interpretation of the contract means the court should fulfill his reasonable expectations as to coverage. We agree. An insurance contract should be given a construction which a reasonable person standing in the shoes of the insured would expect the language to mean. *See Thompson v. State Auto. Mut. Ins.*, 122 W.Va. 551, 554, 11 S.E.2d 849, 850 (1940); 2 *Couch on Insurance 2d* § 15:16 (rev. ed. 1984).

This definition of the "reasonable expectations rule," however, does not aid the plaintiff. Instead plaintiff suggests a minority view taken by several courts that an insured's "reasonable expectations" are to be given effect despite unambiguous language to the contrary. *See, e.g., Stordahl v. Government Employees Ins. Co.*, 564 P.2d 63, 66 (Alaska 1977). *See generally*, A. Windt, *Insurance Claims and Disputes* § 6.03 (1982).

█ We disagree with the holdings of these cases. A party to a contract has a duty to read the instrument. *See, e.g., Reddy v. Community Health Found. of Man*, 171 W.Va. 368, 298 S.E.2d 906, 910 (1982). Therefore, where the instrument clearly and unambiguously denies coverage, a man could not, having read this provision, reasonably expect the contract to provide such coverage. *See generally Standard Venetian Blind Co. v. American Empire Ins.*, 503 Pa. 300, 469 A.2d 563, 567 (1983). Because the contract in this case limited coverage to claims made during the policy period, Dr. Soliva could not reasonably have expected Evanston to defend and pay a claim made more than a year after the policy had expired.

## III.

Dr. Soliva further claims that insurance policies without a "tail" provision of at least two years are prohibited by W.Va. Code § 33–6–14 (1982), which provides in pertinent part:

**2.** Dr. Soliva cites the case of *J.G. Link & Co. v. Continental Casualty Co.*, 470 F.2d 1133 (9th Cir.1972) as precedent for his position. In *Link* the court held that language in an architect's errors and omissions policy which provided coverage only "if claim ... is first made against the insured during this policy period" was ambiguous where the insured had been informed about a potential problem before the policy expired. *See* 470 F.2d at 1135. The case is distin-guishable, because the ambiguity found in the phrase was due to the failure of the policy to define what constituted a claim. *See* 470 F.2d at 1137. The policy in the present case provided a clear definition of "claim" and other terms.

We further note that the *Link* case is a controversial one which on one occasion was distinguished by the same circuit on an almost identical fact situation. *See Hoyt v. St. Paul Fire & Marine Ins. Co.*, 607 F.2d 864 (9th Cir.1979).

No policy ... covering a subject of insurance ... located ... in West Virginia, shall contain any condition, stipulation, or agreement ... limiting the time within which an action may be brought to a period of less than two years from the time the cause of action accrues in connection with all insurances other than marine insurances....

 To succeed in his argument, the appellant must equate a claim being made with an action being brought. The two are different. A "claim" is defined in the policy as a demand to the insured for payment, while an "action" contemplated by § 33–6–14 is a legal proceeding in court.[3] A claim, therefore, could have been made against Dr. Soliva within the policy period, and an action brought to enforce that claim two years later, and the policy would have provided coverage. The claims-made provision of the insurance policy defined the coverage of the policy. It did not limit the time

**3.** *See generally W.Va.R.Civ.P. 2.*

in which to bring an action under the policy.

For the reasons set forth above, we answer the certified question presented to us by the Circuit Court of Mingo County: "No, Evanston Insurance Company is not required to defend and pay a judgment on behalf of Dr. Alfredo R. Soliva, when the claims-made insurance policy had expired more than one year before a claim or demand was received by Dr. Soliva," and remand the case to the circuit court for disposition.

Certified question answered; remanded for disposition.