725 S.E.2d 195

**Michael W. WITT, Plaintiff Below, Appellant**

v.

**Robert K. SUTTON; State Farm Mutual Automobile Insurance Company, an Illinois corporation; and St. Paul Fire and Marine Insurance Company, a Minnesota corporation, Defendants Below, Appellees.**

No. 35698.

Supreme Court of Appeals of West Virginia.

Submitted March 30, 2011.

Decided April 14, 2011.

**27**

Marvin W. Masters, Esq., Kelly Elswick–Hall, Esq., The Masters Law Firm, LC, Charleston, WV, for Appellant.

Charles S. Piccirillo, Esq., Sabrena Olive Gillis, Esq., Shaffer & Shaffer, PLLC, Charleston, WV, for Appellee State Farm.

PER CURIAM:

In this appeal from the Circuit Court of Kanawha County, we are asked to examine a summary judgment order finding that a plaintiff was not entitled to medical payments coverage under the plaintiff's personal automobile insurance policy.

The plaintiff was injured in a automobile collision while on the job, while driving his employer's vehicle. When the plaintiff made a claim for coverage under the medical payments portion of his own personal automobile insurance policy, the defendant insurance company stated that there was no coverage based upon language in the insurance policy. The plaintiff then filed suit against the insurance company claiming he was entitled to coverage. The defendant insurance company moved for summary judgment, and the circuit court determined that the plaintiff was not entitled coverage. The plaintiff now appeals the circuit court's ruling in favor of the insurance company.

After careful examination of the record, we find no error and affirm the circuit court's order.

I.

Plaintiff and appellant Michael W. Witt was an employee of the South Charleston Sanitary Board. On June 11, 2003, in the course of his employment, the plaintiff was driving a truck owned by his employer. The truck was struck in a rear-end collision by a vehicle negligently driven by Robert K. Sutton, and the plaintiff sustained serious injuries.

On June 8, 2005, the plaintiff filed a negligence lawsuit for damages against Mr. Sutton. The plaintiff's lawsuit also sought damages from his employer's underinsured motorist insurance company (St. Paul Fire and Marine Insurance Company), and sought damages from his personal automobile insurer, defendant and appellee State Farm Mutual Automobile Insurance Company ("State Farm"). The plaintiff alleged that both insurance companies had refused to pay coverage due under their policies, and in so doing had violated West Virginia's Unfair Trade Practices Act, *W.Va.Code*, 33–11–4(9) [2002].

The plaintiff subsequently settled with Mr. Sutton, and settled with his employer's underinsured motorist insurance company. Only the plaintiff's claims against his own insurer, State Farm, remained for resolution.

The plaintiff had purchased an automobile liability insurance policy from State Farm to cover his personal vehicle. That policy contained $10,000.00 in no-fault, medical payments coverage. The plaintiff claimed that he was entitled to collect the full limits of the medical payments coverage to pay various medical bills incurred to treat his injuries, and that State Farm was acting in bad faith and improperly refusing to pay his claim.[1]

The parties' dispute boils down to this: the plaintiff alleged that he was entitled to medical payments coverage after he was accidentally injured while operating a vehicle. State Farm refused to pay, on the ground that the plaintiff's automobile policy excluded medical payments coverage for injuries sustained by the plaintiff while operating a vehicle that was owned by the plaintiff's employer.

State Farm subsequently filed a motion for summary judgment. In an order dated January 21, 2010, the circuit court granted summary judgment to State Farm and dismissed all of the plaintiff's claims against State Farm. The circuit court found the insurance

**1.** The plaintiff initially claimed that the State Farm policy contained underinsured motorist coverage as well. After discovery, the parties stipulated that the plaintiff had explicitly *rejected* underinsured motorist coverage.

policy's language was clear and unambiguous, and that the "South Charleston Sanitary Board vehicle operated by the plaintiff at the time of the accident does not meet the definition of a non-owned car under the [State Farm] policy and, therefore, there is no medical payment coverage available to the plaintiff for this loss."

The plaintiff now appeals the circuit court's January 21, 2010 summary judgment order.

## II.

◼ We review a circuit court's order interpreting an insurance contract *de novo*.[2]

## III.

Section II of the State Farm automobile policy purchased by the plaintiff contains "medical payments" coverage for "reasonable medical expenses incurred, for bodily injury caused by accident[.]" The policy provided coverage to the plaintiff—who was "the first person named in the declarations" page of the policy—and to various family members. However, medical payments coverage under the policy was only available to the plaintiff and his family if they were injured in one of two circumstances:

a. while they operate or occupy a vehicle covered under the liability section [of the State Farm Policy]; or

b. through being struck as a pedestrian by a motor vehicle or trailer.[3]

(Emphasis omitted).

The parties agree that the latter coverage provision does not apply, because the plaintiff was not injured when he was "struck as a pedestrian." The instant case centers solely on whether the plaintiff was injured while operating or occupying a vehicle covered under the liability section of the State Farm policy.

The liability section of the policy—found in Section I of the policy—provides coverage for four types of vehicles operated by a policyholder: (1) the policyholder's personal vehicle, identified in the policy as "your car;" (2) a "newly acquired car;" (3) a "temporary substitute car;" and (4) a "non-owned car."[4] The parties agree that, when the plaintiff was injured by Mr. Sutton, the plaintiff was driving neither his personal vehicle, a newly acquired vehicle,[5] nor a temporary substitute car.[6] This leaves only the question of wheth-

---

2. Syllabus Point 2, *Riffe v. Home Finders Associates, Inc.*, 205 W.Va. 216, 517 S.E.2d 313 (1999).

3. The State Farm policy states (with the original bold and italicized text):

   **Persons for Whom Medical Expenses Are Payable**

   We will pay medical expenses for *bodily injury* sustained by:
   1. a. the first *person* named in the declarations;
      b. his or her *spouse;* and
      c. their *relatives.*
      These *persons* have to sustain the *bodily injury:*
      a. while they operate or *occupy* a vehicle covered under the liability section; or
      b. through being struck as a *pedestrian* by a motor vehicle or trailer.
      A *pedestrian* means a *person* not an occupant of a motor vehicle or trailer.
   2. any other *person* while *occupying:*
      a. a vehicle covered under the liability coverage, except a *non-owned car.* Such vehicle has to be used by a *person* who is insured under the liability coverage; or
      b. a *non-owned car.* The *bodily injury* has to result from such *car's* operation or occupancy by the first *person* named in the declarations, his or her *spouse* or their *relatives.*

4. The policy provides (with the original bold and italicized text):

   We will:
   1. Pay damages which an *insured* becomes legally liable to pay because of:
   a. *bodily injury* to others, and
   b. damage to or destruction of property including loss of its use, caused by an *accident* resulting from the ownership, maintenance or use of *your car;* . . .
   The liability coverage extends to the use, by an *insured,* of a *newly-acquired car,* a *temporary substitute car,* or a *non-owned car.*

5. The policy defines a "newly acquired vehicle" as a "a car newly owned by you or your spouse if it . . . replaces your car [or] . . . is an added car . . . but only if you or your spouse . . . ask us to insure it within 30 days after its delivery [and] . . . pay us any added amount due." [Emphasis omitted.]

6. The policy defines a temporary substitute car as "a car not owned by you or your spouse, if it replaces your car for a short time. . . . Your car has to be out of use due to its breakdown, repair, servicing, damage or loss." [Emphasis omitted.]

er the plaintiff was operating a "non-owned car" under the policy's definitions.

State Farm asserts that the plaintiff's employer's vehicle does not fit the definition of a "non-owned car" under the policy. In fact, State Farm argues that vehicles owned by employers and driven by insureds are specifically *excluded* from coverage.

The State Farm policy does not specifically define what a "non-owned car" is, other than to say "[a] non-owned car must be a car in the lawful possession of the person operating it." Instead, the policy provides a list of vehicles that are *not* "non-owned cars." The policy states that a car is not a "non-owned car" if it is:

... owned, registered or leased by:

1. you, your spouse;

2. any relative ...

3. any other person residing in the same household as you, your spouse or any relative; or

4. an employer of you, your spouse, or any relative.[7]

Based upon the fourth item in the above list, State Farm takes the position that the policy does not provide medical payments coverage for injuries to a policyholder sustained while operating a vehicle owned, registered or leased by the policyholder's employer. The circuit court adopted State Farm's position, and concluded that the policy did not provide the plaintiff with medical payments coverage.

The plaintiff argues on appeal that a reasonable, prudent policyholder reading the medical payments section of the State Farm policy (Section II) would conclude that he had medical payments coverage for bodily injuries. The plaintiff essentially asserts that Section II of the policy must be read alone, and contends that State Farm is injecting confusion and ambiguity into the policy by requiring a policyholder to refer to other sections of the policy—namely, Section I pertaining to liability coverage and the definitions section—to understand the extent of medical payments coverage. The plaintiff takes the position that he is entitled to medical payments coverage "while occupying ... an automobile" because recovery of medical payments benefits "is independent of the automobile's ownership or its status as insured or uninsured, as well as irrespective of any liability on the part of the insured."[8]

■ State Farm, however, points out that the plaintiff's position essentially ignores the express language of the policy. State Farm argues that the policy does not merely cover a policyholder while operating *any* automobile, but rather only provides coverage when the policyholder is operating "a vehicle covered under the liability section" of the State Farm policy. Because the liability section of the policy specifically excludes from coverage the operation of vehicles owned, registered or leased by a policyholder's employer, State Farm asserts that the plaintiff has no coverage for operating the truck owned by his employer.

---

7. The "Defined Words" portion of the State Farm policy states:

    *Non-Owned Car*—means a *car* not owned, registered or leased by:
    1. *you, your spouse:*
    2. any *relative* unless at the time of the accident or *loss:*
    a. the *car* currently is or has within the last 30 days bee insured for liability coverage; and
    b. the driver is an *insured* who does not own or lease the *car,*
    3. any other *person* residing in the same household as *you, your spouse* or any *relative;* or
    4. an employer of *you, your spouse* or any *relative.*

    *Non-owned car* does not include a:
    1. rented *car* while it is used in connection with the *insured's* employment or business; or
    2. *car* which has been operated or rented by or in the possession of an *insured* during any part of each of the last 21 or more consecutive days. If the *insured* is an *insured* under one or more other car policies issued by us, the 21 day limit is increased by an additional 21 days for each such additional policy.
    A *non-owned car* must be a *car* in the lawful possession of the *person* operating it.

8. *Emick v. Dairyland Ins. Co.,* 519 F.2d 1317, 1325 (4th Cir.1975).

After reading the policy, we accept State Farm's position. In interpreting an insurance policy, the language in the policy "should be given its plain, ordinary meaning." [9] "Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." [10] We believe that the policy clearly and unambiguously does not provide coverage for the plaintiff.

Likewise, "[w]here provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed." [11] The plaintiff has directed us to no statute or regulation indicating that medical payments coverage from a personal vehicle policy is required to be extended to a policyholder who is operating an employer's vehicle. We likewise see nothing in the record of the instant case indicating the existence of a public policy that is violated by the disputed policy language.

We therefore hold that the circuit court correctly found that the plaintiff was not entitled to medical payments coverage under his personal automobile policy. Accordingly, the circuit court's order granting summary judgment to State Farm must be affirmed. [12]

Affirmed.

---

**9.** Syllabus Point 1, *Soliva v. Shand, Morahan & Co., Inc.*, 176 W.Va. 430, 345 S.E.2d 33 (1986).

**10.** Syllabus Point 1, *Christopher v. United States Life Ins.*, 145 W.Va. 707, 116 S.E.2d 864 (1960). *See also*, Syllabus, *Keffer v. Prudential Ins. Co. of America*, 153 W.Va. 813, 172 S.E.2d 714 (1970) ("Where the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended.").

**11.** Syllabus, *Tynes v. Supreme Life Ins. Co. of America*, 158 W.Va. 188, 209 S.E.2d 567 (1974).

**12.** A second issue raised by the plaintiff on appeal—an issue which we do not find necessary to reach—concerns the circuit court's exclusion of testimony by a plaintiff's expert. The expert offered opinions concerning the general historical background of medical payments insurance coverage, the evolution of the coverage through the years, and the manner in which the coverage's policy language should be interpreted.

The circuit court excluded the expert's testimony in reliance upon Syllabus Point 5 of *Jackson v. State Farm Mut. Auto. Ins. Co.*, 215 W.Va. 634, 600 S.E.2d 346 (2004), where we held that, "As a general rule, an expert witness may not give his or her opinion on the interpretation of the law ... Rather, it is the role of the trial judge to instruct the jury on the law."

*Jackson* plainly applies when an expert offers an opinion on the interpretation *of the law;* it does not apply to the interpretation *of a contract.* When a contract is ambiguous, an expert's opinion on such things as the history behind certain contract language *may* assist a trier of fact in interpreting the contract, and probably should be admitted. *See* W.Va.Code, 5–13–9 (allowing a trial in a declaratory judgment action when a matter "involves the determination of an issue of fact"). However, when contractual terms are not ambiguous—like in the instant case—an expert's testimony is not necessary.