# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Stephen Berkhouse, as Conservator and Guardian of
Billy Berkhouse, a protected person,
Plaintiff Below, Petitioner**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0264** (Kanawha County 09-C-542)

**Great American Assurance Company, a corporation doing
business in West Virginia,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephen Berkhouse, by counsel Robert B. Warner and Lynnette Simon Marshall, appeals the Circuit Court of Kanawha County's August 14, 2012, "Declaratory Judgment Order" and February 6, 2013, "Order Denying Plaintiff's Motion to Alter or Amend Declaratory Judgment Order." Mr. Berkhouse argues that the circuit court erred in upholding the validity and applicability of a liquor liability exclusion in an umbrella insurance policy. Respondent Great American Assurance Company, by counsel Jill Crantson Rice, Tyler N. Williams, and Debra Tedeschi Varner, responds in support of the circuit court's orders.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming is appropriate under Rule 21 of the Rules of Appellate Procedure.

### I.  Factual and Procedural Background

On the night of June 6, 2008, the Charleston Lodge of the Loyal Order of Moose served multiple alcoholic drinks to Melissa Newman. Ms. Newman was then driven to Impulse Nightclub. Newman, who was intoxicated, left Impulse Nightclub and began driving her vehicle. She lost control of the vehicle, drove onto a sidewalk, and ran over pedestrian Billy Berkhouse, who suffered severe and permanent injuries as a result.

Stephen Berkhouse ("Mr. Berkhouse"), as conservator and guardian of Billy Berkhouse, a protected person, filed suit against Newman, the Loyal Order of Moose, and Impulse Nightclub. With regard to the Loyal Order of Moose, Mr. Berkhouse argued that it was negligent for not refraining from serving alcohol to the intoxicated Ms. Newman and for failing to adequately train and supervise its employees. On April 14, 2011, the circuit court approved a settlement between Mr. Berkhouse and the Loyal Order of Moose in the amount of $3,000,000.

1

This settlement was paid by various insurance policies covering the Loyal Order of Moose: the limits of a self-insured retention, the limits of a commercial general liability policy, and the liquor liability limits of an excess liability policy.

Prior to this settlement, Mr. Berkhouse had filed an amended complaint seeking a third-party declaratory judgment ruling as to whether there was coverage for the Charleston Moose Lodge under another policy—an umbrella policy issued by Great American Assurance Company. This umbrella policy was purchased by Moose International and provided $5,000,000 in coverage to Moose International and to individual lodges, including the Charleston Moose Lodge. However, while the umbrella policy provided liquor liability coverage to Moose International, it *excluded* liquor liability coverage for the lodges. This exclusion provided,

**GENERAL ENDORSEMENT**
LIQUOR LIABILITY EXCLUSION

As respects: Moose Lodges, Chapters, Moose Legions, Regional, State and/or Provincial Associations
The following exclusion is added to Section IV—EXCLUSIONS:
Any liability of any "Insured" by reason of:
(1)      causing or contributing to the intoxication of any person; or
(2)      the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
(3)      any statute, ordinance, or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
This endorsement does not change any other provision of the policy.

Mr. Berkhouse released Moose International as part of the settlement, but he continued to litigate the declaratory judgment action against the Charleston Moose Lodge to ascertain whether the umbrella policy's liquor liability exclusion was valid and applicable. In its August 14, 2012, declaratory judgment order, the circuit court ruled that the exclusion is plain and unambiguous; it validly excludes liquor liability coverage; and it is sufficiently broad to also exclude coverage for Mr. Berkhouse's negligent training and supervision claims.

Accordingly, pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, the circuit court granted summary judgment in favor of Great American Assurance on the declaratory judgment count. Subsequently, Mr. Berkhouse filed a motion pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure to alter or amend the summary judgment order. The court found no basis to grant Rule 59(e) relief and denied the motion on February 6, 2013.

## II. Standard of Review

Mr. Berkhouse appeals the circuit court's summary judgment order and the order denying his Rule 59(e) motion. Our standard of review of both orders is de novo. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo*."); Syl. Pt. 1, *Wickland v. American Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998) ("The standard of review applicable to an appeal from a motion to alter or

amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed."); Syl. Pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995) ("A circuit court's entry of a declaratory judgment is reviewed *de novo*.").

## III. Discussion

We held in *National Mutual Insurance Company v. McMahon & Sons, Inc.* that "[a]n insurer wishing to avoid liability on a policy purporting to give general or comprehensive coverage must make exclusionary clauses conspicuous, plain, and clear, placing them in such a fashion as to make obvious their relationship to other policy terms, and must bring such provisions to the attention of the insured." Syl. Pt. 10, *Id.*, 177 W.Va. 734, 356 S.E.2d 488 (1987), overruled on other grounds by *Potesta v. U.S. Fidelity & Guar. Co.*, 202 W.Va. 308, 504 S.E.2d 135 (1998). Moreover, in general, the issue of whether an insurer has brought a policy exclusion to the insured's attention is an issue to be resolved by the court, not a jury. Syl. Pt. 3, *American States Insurance Co. v. Surbaugh*, 231 W.Va. 288, 745 S.E.2d 179 (2013).

Mr. Berkhouse contends that the Charleston Moose Lodge is a named insured under the policy, thus under *National Mutual Insurance Company*, Great American Assurance was required to bring the liquor liability exclusion to the Charleston Moose Lodge's attention. Mr. Berkhouse argues that Great American Assurance failed in this obligation. He asserts that the policy was bound and effective by May 1, 2008, but the written policy document was not compiled and delivered to Moose International's representative until June 26, 2008, at the earliest—nineteen days after Ms. Newman injured Billy Berkhouse. He further asserts that Great American Assurance failed to produce evidence in response to discovery requests as to when the Charleston Moose Lodge was informed of the exclusion. Accordingly, Mr. Berkhouse argues that the liquor liability exclusion should be declared invalid as it applies to his claim.

When considering Mr. Berkhouse's arguments, it is important to note that this is a third-party declaratory judgment action, not a first-party action. Mr. Berkhouse is arguing about rights belonging to the Charleston Moose Lodge, which did not pursue a claim for declaratory relief. However, even assuming that Mr. Berkhouse can assert error regarding communications about a policy to which he is not a party, a review of the record convinces us that Mr. Berkhouse has failed to support his assertions. There was no evidence presented to the circuit court regarding the Charleston Moose Lodge's knowledge of the exclusion. Great American Assurance explained that the first named insured, Moose International, negotiated for the umbrella policy on behalf of itself and the state and regional lodges and *specifically requested* that the liquor liability exclusion be included. Moose International asked for the exclusion in order to lower the policy premiums. Moreover, the binder clearly stated that a liquor liability exclusion applied to Moose chapters.[1] Finally, the policy in effect when Billy Berkhouse was injured was a renewal

---

[1]The binder stated, "Terms & Conditions: Excludes . . . Liquor Liability (GAI 601 06 97) For the following entities: Moose Lodges, Chapters, Moose Legions, and Regional, State and/or Provincial Associations."

policy containing the identical liquor liability exclusion as the prior year's policy.[2]

Next, Mr. Berkhouse argues that the liquor liability exclusion does not apply to his claims that the Charleston Moose Lodge negligently failed to train and supervise its employees. To address this argument, we must examine the language of exclusion. "Language in an insurance policy should be given its plain, ordinary meaning." Syl. Pt. 1, *Soliva v. Shand, Morahan & Co., Inc.*, 176 W.Va. 430, 345 S.E.2d 33 (1986), abrogated on other grounds by *National Mut. Ins. Co.* 177 W.Va. at 741 n. 6, 356 S.E.2d at 495 n. 6. Further, "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl., *Keffer v. Prudential Ins. Co. of Am.*, 153 W.Va. 813, 172 S.E.2d 714 (1970). *See also* Syl. Pt. 2, *Shamblin v. Nationwide Mut. Ins. Co.*, 175 W.Va. 337, 332 S.E.2d 639 (1985) ("Where provisions in an insurance policy are plain and unambiguous and where such provisions are not contrary to a statute, regulation, or public policy, the provisions will be applied and not construed.").

The liquor liability exclusion expressly excludes coverage for lodges for "[a]ny liability of any 'Insured' by reason of: (1) causing or contributing to the intoxication of any person; or (2) the furnishing of alcoholic beverages to a person . . . under the influence of alcohol[.]" We find nothing ambiguous in this language. There is also no dispute that the Charleston Moose Lodge is a "lodge" under the meaning of this exclusion. Finally, all of the claims that Mr. Berkhouse asserts against the Charleston Moose Lodge are subject to this exclusion, including his claim of negligent training and supervision of employees. The alleged deficiency in the employees' training and supervision specifically pertains to their furnishing of alcohol to persons under the influence of alcohol. Thus, pursuant to the plain and unambiguous policy exclusion, there is no coverage under the umbrella policy for Mr. Berkhouse's claims.

Next, Mr. Berkhouse argues that the doctrine of reasonable expectations applies to require coverage under the umbrella policy. We find no merit to this argument. First, we have no record evidence as to what the Charleston Moose Lodge's expectations were. Second, in West Virginia the doctrine of reasonable expectations is limited to those instances in which the policy language is ambiguous. *National Mut. Ins. Co.*, 177 W.Va. at 742, 356 S.E.2d at 496, citing *Soliva*, 176 W.Va. at 433, 345 S.E.2d at 36. The doctrine is essentially a rule of construction, and unambiguous contracts do not require construction by the courts. *National Mut. Ins. Co.*, 177 W.Va. at 742 n. 7, 356 S.E.2d at 496 n. 7. The liquor liability exclusion in this case is plain and unambiguous, thus the reasonable expectations doctrine need not be applied.

---

[2]While the case was pending on appeal to this Court, Mr. Berkhouse moved to supplement the record with an affidavit on the issue of the insurer's alleged lack of communications with the Charleston Moose Lodge about the exclusion. However, that affidavit was not part of the circuit court's record. Indeed, the language of the affidavit shows that it was created for purposes of this appeal. We denied the motion to supplement the record. "Although our review of the record from a summary judgment proceeding is *de novo*, this Court for obvious reasons, will not consider evidence or arguments that were not presented to the circuit court for its consideration in ruling on the motion. To be clear, our review is limited to the record as it stood before the circuit court at the time of its ruling." *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W.Va. 692, 700, 474 S.E.2d 872, 880 (1996).

Mr. Berkhouse also argues that Great American Assurance's denial of this claim should be deemed ineffective because the denial letter was sent to Moose International, instead of to the Charleston Moose Lodge. First, there is no evidence that the Charleston Lodge was unaware of the denial. Second, although the parties' briefs do not directly explain the relationship between Moose International and the Charleston Moose Lodge, they are obviously related entities: Moose International obtained this umbrella policy on behalf of the Charleston Moose Lodge, and Moose International was released from liability as part of the settlement in this case. Under these facts, we find no basis to deem the denial letter ineffective.

Finally, Mr. Berkhouse argues that the circuit court erred in applying West Virginia law without analyzing whether the law of some other state applies to this case. He explains that the umbrella policy was issued to Moose International, which is located in Illinois, through a broker in Illinois. The policy was countersigned by a Great American Assurance official in Ohio. When denying the Rule 59(e) motion, the court found that there is no conflict of law issue in this case, and we agree. The case turns on the unambiguous contractual policy language. In addition, prior to the summary judgment order, Mr. Berkhouse's counsel argued to the circuit court that West Virginia law *does* apply. Accordingly, even if there was error, it was waived. *See, State v. Whittaker*, 221 W.Va. 117, 131, 650 S.E.2d 216, 230 (2007) ("Ordinarily, a party must raise his or her objection contemporaneously with the trial court's ruling to which it relates or be forever barred from asserting that that ruling was in error.").

For the foregoing reasons, we conclude that there are no outstanding genuine issues of material fact and that summary judgment for Great American Assurance is proper. Accordingly, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

5