**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**NAVIENT SOLUTIONS, INC.,**

**FILED**

**November 4, 2015**
**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FORMERLY KNOWN AS SALLIE MAE, INC.**
**Petitioner**

**vs.) No. 14-1215 (Raleigh County Civil Action No. 14-C-231 (B))**

**JENNIFER ROBINETTE,**
**Respondent**

**MEMORANDUM DECISION**

Petitioner, Navient Solutions, Inc. ("Navient"),[1] a lending company, by counsel Jared M. Tully, appeals from a ruling of the Circuit Court of Raleigh County that denied Navient's motion to compel arbitration in a suit filed by the respondent herein, Jennifer Robinette ("Ms. Robinette"), who is one of Navient's debtors. At issue are arbitration clauses that were included in promissory notes associated with various loans obtained by Ms. Robinette. On appeal, Navient argues that the circuit court erred by concluding that Ms. Robinette's loan application and the associated promissory note were two distinct documents.[2] Ms. Robinette, by counsel Jed R. Nolan, Ralph C. Young, Christopher B. Frost, and Steven R. Broadwater, Jr., filed a timely response.

This Court has considered the parties' briefs, the record on appeal, the pertinent authorities, and oral argument. Upon our scrutiny thereof under the appropriate standard of review, the Court finds that the Circuit Court of Raleigh County erred, as a matter of law, by concluding that the various pages of the contract were more than one document. This case

---

[1]Navient Solutions, Inc., was formerly known as Sallie Mae, Inc. For ease of reference, we refer only to Navient in this Memorandum Decision.

[2]In the alternative, Navient argues that the circuit court erred by concluding that the promissory note was not incorporated by reference into the loan application. To the contrary, the circuit court actually ruled that "Navient's Promissory Note *was* incorporated by reference into the loan application." (Emphasis added). Nevertheless, because we resolve this appeal on the first issue, it is unnecessary for us to address Navient's second argument.

satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

During a period of time beginning in 2006 and ending in 2008, Ms. Robinette applied for and received seven "Tuition Answer" student loans from Navient. She completed the application for each loan using Navient's website. Each of the seven applications was the same in several respects. The third page of each application contained a space for Ms. Robinette's signature. Above the area set aside for her signature, the following text appeared on each of the seven applications:

> Promise to pay: . . . I promise to pay the lender or any other holder of this loan all sums disbursed *under the terms of the Promissory Note*, plus interest and all other charges that may become due. *The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.*
>
> **CAUTION–IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

(Italicized emphasis added).[3] Each application also included the following language on the signature page above Ms. Robinette's signature:

> I understand that I am not required to fax my signature on this *Application/Promissory Note* to the Lender. If I choose to fax my signature on this *Application/Promissory Note* to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, . . . and (iv) that this *Application/Promissory Note* will not be governed by Article 3 or Article 9 of the Uniform Commercial Code.
>
> Notice to ALL BORROWERS

---

[3]Although it is not significant to our analysis, we note that the language used in the seventh loan application varied slightly from the remaining six applications. The seventh application referred to "other *fees,* charges *and costs* that may become due," rather than simply "other charges that may become due." (Emphasis added).

2

> (a) Do not sign this before you read the *Promissory Note* even if otherwise advised.
>
> . . . .
>
> I declare that the information provided above is true and complete to the best of my knowledge and belief, *I have read and agree to the terms of the Promissory Note accompanying this application.*

(Emphasis added).[4] Vertically along the right margin of each page of each promissory note appeared the text "Tuition Answer Loan Application and Promissory Note" followed by the school year to which the promissory note applied. For example, for the 2006-2007 school year, the promissary note contained vertical text that read: "Tuition Answer Loan Application and Promissory Note 2006-2007." Ms. Robinette claims that, once she filled out the application online, she printed only the signature page and submitted her signature.

On March 12, 2014, Ms. Robinette filed a complaint against Navient alleging various causes of action arising from Navinet's collection practices. Navient responded by filing a motion to compel arbitration. Ms. Robinette opposed the motion arguing that, because Navient did not include the arbitration clause in the body of the application she signed, and because nothing in the loan application alerted her to the arbitration clause, she was not bound to arbitrate. After a hearing on Navient's motion, the circuit court denied the same finding that the loan application completed by Ms. Robinette was a separate document from the promissory note; therefore, Ms. Robinette had not agreed to the arbitration clause contained in the separate promissory note that she had not signed. In concluding that the promissory note was a separate document, the circuit court observed that the loan application contained pages numbered one through three. The numbering then began anew for subsequent pages that included the promissory note. The circuit court finally determined that "Navient's Promissory Note was incorporated by reference into the loan application." Nevertheless, the circuit court found that the arbitration clause contained in the promissory note was unenforceable because

> [t]he Promissory Note's inclusion of an arbitration clause went beyond the scope of a Promissory Note. Plaintiff was never

---

[4]The fifth, sixth, and seventh loan applications completed by Ms. Robinette contained the heading "NOTICE TO CUSTOMER" instead of "Notice to ALL BORROWERS."

warned or advised of the addition of an arbitration agreement to the Promissory Note. There was no indication in Navient's loan application that the Promissory Note included any provisions beyond those typically contained in a Promissory Note. Because Defendant Navient did not include the arbitration agreement in the body of the loan application signed by Plaintiff, and because the incorporation of the Promissory Note did not clearly notify Plaintiff that an arbitration agreement was included in the Promissory Note, Navient cannot now force the Plaintiff to arbitrate.

This appeal followed.

Navient herein appeals an order that denied its motion to compel arbitration. Although the order appealed is interlocutory, this Court has made clear that "[a]n order denying a motion to compel arbitration is an interlocutory ruling which is subject to immediate appeal under the collateral order doctrine." Syl. pt. 1, *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013). The particular standard applied to our review of the circuit court's denial of a motion to compel arbitration is *de novo*. *See McGraw v. Am. Tobacco Co.*, 224 W. Va. 211, 222 n.11, 681 S.E.2d 96, 107 n.11 (2009) ("'We review the trial court's grant or denial of a motion to compel arbitration de novo.'" (quoting *Title Max of Birmingham, Inc. v. Edwards*, 973 So. 2d 1050, 1052 (Ala.2007))). *See also Janura v. Janura*, No. 14-0911, 2015 WL 3448181, at *3 (W. Va. May 29, 2015) (mem. dec.) (applying *de novo* standard of review to circuit court's denial of motion to compel arbitration).

Moreover, to the extent that our resolution of this matter requires us to consider the circuit court's interpretation of a contract, our review likewise is *de novo*.

> We previously have held that "'[i]t is the province of the Court . . . to interpret a written contract.' Syl. Pt. 1[, in part], *Stephens v. Bartlett*, 118 W. Va. 421, 191 S.E. 550 (1937)." Syl. pt. 1, in part, *Orteza v. Monongalia Cnty. Gen. Hosp.*, 173 W. Va. 461, 318 S.E.2d 40 (1984). Therefore, "we apply a *de novo* standard of review to [a] circuit court's interpretation of [a] contract." *Zimmerer v. Romano*, 223 W. Va. 769, 777, 679 S.E.2d 601, 609 (2009) (per curiam) (citation omitted).

*Finch v. Inspectech, LLC*, 229 W. Va. 147, 153, 727 S.E.2d 823, 829 (2012). Applying these standards to our review, we now address the determinative issue raised by Navient.

4

Navient contends that the circuit court erred by finding that the loan application and promissory note were *not* a single document. Navient asserts that the entire loan document, including the promissory note, was presented to Ms. Robinette at the time of the loan's execution. According to Navient, the loan application and promissory note comprise one document with three sections. First is the three-page application (with pages numbered one through three); next there are three pages of information about the loan (here the document's page numbering begins anew at page one); and finally is the promissory note containing the arbitration clause.[5] To explain how its web-based application process functioned, Navient filed a declaration by its employee, James M. Austin, stating that

> [t]he process by which [Ms. Robinette] obtained the Tuition Answer Loans was self-initiated. For each Loan, [Ms. Robinette] accessed and filled out a loan application package on [Navient's] website which included the Application pages, the instructional pages, and the Promissory Note pages. [Ms. Robinette] was then prompted to print that loan application package, sign, and send the Application pages by mail to [Navient]. [Ms. Robinette] did in fact print, sign, and mail the Application pages to [Navient] for each of her seven loans. The Application, instructions, and Promissory Note were presented to [Ms. Robinette] as one integrated document in each instance.

Thus, Navient contends that it is clear to any borrower that the application and promissory note amount to a single agreement.

Ms. Robinette responds that the circuit court correctly found that Navient's loan application and promissory note are two separate documents. Adopting reasoning similar to that of the circuit court, she first relies upon the page numbering, which began again at one on the page following the signature page of the loan application. She additionally asserts that document headings and the lack of a signature on the promissory note are indicative of separate documents. To illustrate how she applied for the various loans, Ms. Robinette states that she received emails from Navient asking if she needed additional funds for school. She would click a link in the emails to access the loan applications. She claims that she does not recall if the promissory note was included in the link, was accessible by a separate link, or was included at all. By affidavit, Ms. Robinette avers that she never saw the arbitration agreement.

---

[5]The promissory note appears on page four, and the arbitration clause of the promissory note is found on page nine.

5

Resolution of the issue of whether the pages in question amounted to one document or multiple documents requires an examination of pertinent language contained therein.  At the outset, we note that Ms. Robinette's use of electronic means to complete her loan applications does not alter our analysis of the pertinent contractual terms insofar as "[a]n agreement where the terms are presented in an electronic form . . . is . . . interpreted and applied using the same common law rules that have been applied for hundreds of years to oral and written agreements."  *State ex rel. U-Haul Co. of W. Virginia v. Zakaib*, 232 W. Va. 432, 441, 752 S.E.2d 586, 595 (2013), *cert. denied sub nom. W. Virginia ex rel. U-Haul Co. of W. Virginia v. Zakaib*, 135 S. Ct. 59, 190 L. Ed. 2d 33 (2014).  Thus, our interpretation of the relevant language is guided by the axiom:

> "It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them."  Syllabus Point 3, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W. Va. 484, 128 S.E.2d 626 (1962).

Syl. pt. 1, *Hatfield v. Health Mgmt. Assocs. of W. Virginia*, 223 W. Va. 259, 672 S.E.2d 395 (2008).  Moreover, "[w]here the terms of a contract are clear and unambiguous, they must be applied and not construed."  Syl. pt. 2, *Bethlehem Mines Corp. v. Haden*, 153 W. Va. 721, 172 S.E.2d 126 (1969).

Under the particular facts presented in the instant matter, we find ample indicia, stated in plain and unambiguous language, that each of the thirteen-page loan packets was a single unified contract.  The unity of the various contracts is demonstrated by their repeated references to the promissory note on the signature page.  More significant, however, is that by signing each contract, Ms. Robinette *expressly* agreed to be bound by the terms contained in the promissory note portion of the documents.  Her signature further acknowledged that the "terms and conditions set forth in the Promissory Note constitute[d] the *entire agreement*" between herself and Navient.  Finally, Ms. Robinette unambiguously declared in each contract: "I have read and agree to the terms of the Promissory Note accompanying this application."  The repeated references to the promissory note, and the clearly expressed importance ascribed thereto, leave no doubt that the promissory note was a critical part of each loan agreement executed by Ms. Robinette.

Moreover, the fact that Ms. Robinette failed to locate and read the promissory note portions of the contracts she entered does not excuse her from their terms:

The law of this State is clear in holding that "[a] party to a

6

contract has a duty to read the instrument." Syl. pt. 5, *Soliva v.
Shand, Morahan & Co., Inc*., 176 W. Va. 430, 345 S.E.2d 33
(1986), *overruled on other grounds by National Mut. Ins. Co. v.
McMahon & Sons, Inc*., 177 W. Va. 734, 356 S.E.2d 488 (1987).

*Am. States Ins. Co. v. Surbaugh*, 231 W. Va. 288, 299, 745 S.E.2d 179, 190 (2013).

Based upon the forgoing analysis, we conclude that the Circuit Court of Raleigh County erred by finding that each loan application and promissory note was *not* a unified contract. Accordingly, we reverse that court's order denying Navient's motion to compel arbitration and remand this case for entry of an order granting Navient's motion.

Reversed and Remanded.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II