**STATE OF WEST VIRGINIA**

**Keith Tritapoe,**
**Plaintiff Below, Petitioner**

**vs.)  No. 19-0100** (Berkeley County 18-C-58)

**Old Republic National Title Insurance Company,**
**Defendant Below, Respondent**

**FILED**

**March 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith Tritapoe, by counsel Richard G. Gay, appeals the Circuit Court of Berkeley County's December 28, 2018, dismissal order, dismissing the complaint against respondent stemming from a title insurance policy. Respondent Old Republic National Title Insurance Company, by counsel Kelly J. Kimble, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner purchased property located at 614 Temple Drive, Falling Waters, Berkeley County, West Virginia, on or about June 19, 2015. Attendant to the purchase, Respondent Old Republic National Title Insurance Company ("Old Republic") issued a Title Commitment for the property, effective June 10, 2015. Per the legal description in the Title Commitment, the property conveyed to petitioner and covered by the Title Commitment included a "right-of-way in common with lot owners to Route 11" as conveyed in Deed Book 176/84. The conveyance was made expressly "subject to any and all applicable covenants, conditions, reservations and restrictions, limitations, rights of way, streets, alleys and easements of record." The Title Commitment further provided:

Schedule B of the policies to be issued will contain exceptions to the following matters unless the same are disposed of to the satisfaction of the Company:

Defects, liens, encumbrances, adverse claims or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof but prior to the date the proposed insured acquires for value of record the estate or interest or mortgage thereon covered by this commitment.

1

1. Any facts, rights, interests or other claims that are not shown in the public records but that could be ascertained by an inspection of the land or by making inquiry of persons in possession of the land.

. . .

3. Subject to rights of way, easements, restrictions, provisions and notes as set forth on the recorded plat(s).

. . .

NOTE: AN OWNER'S POLICY ISSUED IN CONNECTION WITH THIS COMMITMENT WILL CONTAIN THE FOLLOWING PRE-PRINTED EXCEPTIONS:

1. Easements, discrepancies or conflicts in boundary lines, shortage in area and encroachments which an accurate and complete survey would disclose.

As indicated in the Title Commitment, Old Republic also issued a Homeowner's Policy of Title Insurance ("Homeowner's Policy").[1] The policy provided, in relevant part:

We will defend Your Title in any legal action only as to that part of the action which is based on a Covered Risk and which is not excepted or excluded from coverage in this Policy. We will pay costs, attorneys' fees, and expenses [w]e incur in that defense.

We will not pay for any part of the legal action which is not based on a Covered Risk or which is excepted or excluded from covered in this policy.

Further, the Homeowner's Policy included the following relevant provision:

In addition to the exclusions, you are not insured against loss, costs, attorney's fees, and expenses resulting from:

 . . .

2.b. Such state of facts discoverable by an accurate survey and inspection of the premises.

2.c. Rights or claims of parties in possession not shown by the public records.

---

[1] Although petitioner maintains that he did not receive this document until after closing, a fact disputed by respondent, this is of no moment as there is no dispute that petitioner had the Title Commitment prior to closing. Based on a review the Title Commitment and the Homeowner's Policy both contain exceptions which clearly apply.

After moving onto the property, petitioner blocked a neighboring property's access to the roadway known as Temple Drive. In response, the owners of the neighboring property, Mr. Alton Temple[2] and Mr. Harry Lee Temple II, filed a complaint (hereinafter "Temple civil action") against petitioner to regain access to Temple Drive. The Temple civil action alleged that Temple Road was adopted as part of West Virginia's Orphaned Roads Program in June of 2000 and petitioner was well aware of the road's existence and the Temples's use of it prior to petitioner's purchase of the property. The Temple civil action contained alternative theories upon which the neighboring landowners claimed a legal right to use the roadway; these ranged from an express right of use by virtue of Temple Drive's adoption into the State's Orphaned Roads Program to a prescriptive easement based on the historic use of the roadway.

After the Temple civil action was filed, petitioner tendered the defense of the Temple civil action to Old Republic, asserting that Old Republic had a duty to indemnify him and defend his title. Notably, however, in correspondence to Old Republic concerning the tender, petitioner acknowledged that he had a land survey completed after his purchase which confirmed that Temple Drive was not on his property. Old Republic declined to accept the tender of defense citing exceptions contained within the Title Commitment and Homeowner's Policy.

On March 6, 2018, petitioner filed a declaratory judgment action asking the circuit court to declare that petitioner was entitled to have Old Republic defend his title or indemnify him in the Temple civil action.[3] Petitioner attached a copy of the Temple Amended Complaint, the Title Commitment, the Homeowner's Policy, and correspondence between petitioner and Old Republic.

Old Republic filed a motion to dismiss, pursuant to Rule 12(b) of the West Virginia Rules of Civil Procedure, which was granted by the circuit court by order entered on December 28, 2018. In that order the circuit court set forth detailed findings of fact and conclusions of law.[4] The circuit court specifically found that:

16. Based on a review of the underlying Complaint and the provision of the Owner's Policy, the exceptions contained in the Title Commitment and the Owner's Policy clearly negate any duty to defend or indemnify [petitioner] in the underlying suit. Both the Commitment and the Owner's Policy except matters that are not shown in the public records but that could be ascertained:

- By an inspection of the land;

---

[2] The property was previously owned by Carleton Davis Temple, who passed away on November 22, 2015. Alton Temple was appointed as the Executor of Carlton Davis Temple's Estate. By operation of Carlton Davis Temple's last will and testament, Alton Temple and Harry Lee Temple II own the property as co-tenants.

[3] Petitioner also alleged that Old Republic was liable to petitioner for violations of the Unfair Trade Practices Act, W. Va. Code § 33-11-4(9).

[4] We disagree with petitioner's contention that the circuit court failed to provide adequate findings of fact and conclusions of law in its order.

- By making inquiry of persons in possession of the land; and/or

- By a complete and accurate survey

17. It is clear that simple inquiry of [petitioner's] predecessor in title and inspection of the property would have, and in fact did, reveal the roadway's existence and use, thus invoking the exclusion contained in paragraph 1 of the Title Commitment (for "any facts, rights, interests or other claims that are not shown in the public records but that could be ascertained by an inspection of the land or by making inquiry of persons in possession of the land") and the corresponding exclusions 2.b and 2.c of the Owner's Policy (for ["]such state of facts discoverable by an accurate survey and inspection of the premises" and for "rights or claims of parties in possession not shown by the public records.").

18. Likewise, the location of the clearly visible roadway in relation to [petitioner's] property would be easily ascertainable through an accurate survey, thus invoking the survey exception contained in the Title Commitment and Owner's Policy sections cited in the above findings of fact. The fact that there may exist a dispute as to the exact location of Temple Drive is of no moment for purposes of [Old Republic's] duty to defend or indemnify, because exception 2.c. of the Owner's Policy excepts from coverage "[s]uch state of facts discoverable by an accurate survey and inspection of the premises." An accurate survey would show one of 2 things: (1) that the right of way is within the boundary lines of [petitioner's] property (in which case the exception applies), or (2) it is outside [petitioner's] property lines (in which it cannot in any way impair [petitioner's] title).

Petitioner appeals the circuit court's December 28, 2018, dismissal order. Petitioner maintains that the circuit court reviewed facts beyond the scope of his complaint and thus effectively converted the motion to dismiss to a motion for summary judgment when it granted respondent's motion. Further, petitioner maintains that the circuit court refused to acknowledge that there was a genuine issue of material disputed facts in the case and, therefore, improperly granted respondent's motion. For the reasons set forth below, we disagree with petitioner and find that the circuit court did not err in granting Old Republic's motion to dismiss.

At the outset, we note that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). In *Gastar Exploration Inc. v. Rine,* 239 W. Va. 792, 806 S.E.2d 448 (2017), this Court elaborated on the meaning of this standard of review:

The term "*de novo*" means "Anew; afresh; a second time." "We have often used the term '*de novo*' in connection with the term 'plenary.' . . . Perhaps more instructive for our present purposes is the definition of the term 'plenary,' which means '[f]ull, entire, complete, absolute, perfect, unqualified.'" "We therefore give a new, complete and unqualified review to the parties' arguments and the record before the circuit court."

4

*Id.* at 798, 806 S.E.2d at 454. With this standard in mind, we consider the parties' arguments.

"The purpose of a motion under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure is to test the sufficiency of the complaint." *Newton v. Morgantown Mach. & Hydraulics of W.Va., Inc.,* No. 18-0653, 2019 WL 6258350,* 3 (W. Va. Nov. 19, 2019) (citing *Doe v. Logan Cty. Bd. of Ed.*, 242 W. Va. 45, __, 829 S.E.2d 45, 49 (2019)); *see also Collia v. McJunkin*, 178 W. Va. 158, 159, 358 S.E.2d 242, 243 (1987)(citations omitted). This Court has repeatedly held that motions to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, in part, *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 236 S.E.2d 207 (1977)(citation omitted). Additionally, "the complaint is [to be] construed in the light most favorable to plaintiff, and its allegations are to be taken as true." *Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 605, 245 S.E.2d 157, 158 (1978). Here, construing the complaint in the light most favorable to petitioner, petitioner can prove no set of facts to entitle him to the relief requested in the complaint.

Despite petitioner's argument to the contrary, the circuit court did not need to look beyond the petitioner's complaint to determine that the complaint failed to state a claim upon which relief could be granted. Petitioner's complaint, predicated upon the Temple civil action, attached six exhibits including: the Title Commitment; the Homeowner's Policy; the Temple amended complaint; and correspondence between petitioner and Old Republic wherein petitioner conceded that Temple Drive is not on his property. Inasmuch as petitioner attached documents to his complaint, we have held that "[a] circuit court ruling on a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure may properly consider exhibits attached to the complaint without converting the motion to a Rule 56 motion for summary judgment." Syl. Pt. 1, *Forshey v. Jackson*, 222 W. Va. 743, 671 S.E. 2d 748 (2008).

Petitioner asks this Court to find that the circuit court erred when it determined that Old Republic did not have a duty to defend petitioner in the Temple civil action. First, we have long held that the "[d]etermination of the proper coverage of an insurance contract when the facts are not in dispute is a question of law." Syl. Pt. 1, *Tennant v. Smallwood*, 211 W. Va. 703, 568 S.E.2d 10 (2002). Further, the "[l]anguage in an insurance policy should be given its plain, ordinary meaning." Syl. Pt. 1, *Soliva v. Shand, Morahan & Co.*, 176 W. Va. 430, 345 S.E.2d 33 (1986), overruled on other grounds by *National Mut. Ins. Co. v. McMahon & Sons, Inc.*, 177 W. Va 734, 356 S.E.2d 488 (1987).

"[I]ncluded in the consideration of whether [an] insurer has a duty to defend is whether the allegations in the complaint . . . are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance polic[y]." Syl. Pt. 5, *West Virginia Fire & Cas. Co. v. Stanley,* 216 W. Va. 40, 602 S.E.2d 483 (2004)(citing Syl. Pt. 3, in part, *Bruceton Bank v. U.S. Fid. and Guar. Ins.,* 199 W. Va. 548, 486 S.E.2d 19 (1997)). Applying the plain, ordinary meaning of the contract, we hold that the circuit court appropriately considered and ruled upon this question of law.

The circuit court found, in pertinent part:

13. An insurer's duty to defend claims against its insured is dependent upon whether the allegations in the complaint against the insured are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policy. *Horace Mann Insurance v. Leeber*, 180 W. Va. 375, 378, 376 S.E.2d 581, 584 (1988).

14. While it is true that an insurer's duty to defend is broader than the duty to indemnify, the claims against the insured must be based upon allegations that, if true, would be covered risks under the policy. *Id.* An insurer has no duty to provide a defense for claims that, based upon a reading of the complaint, are clearly outside the scope of covered risks. *Id.*; see also, *Bruceton Bank v. U.S. Fidelity and Guar. Ins. Co.*, 486 S.E.2d 19 (1997).

In his complaint, petitioner conceded one determinative fact: Temple Drive, the property at issue in the Temple civil action, is not located on his property.[5] It is clear that the Title Commitment and Homeowner's Policy apply to property which is owned by petitioner. Petitioner asks this Court to impose upon his title company the obligation to defend his title to property that was never insured by Old Republic or owned by petitioner. We disagree with petitioner and find that the circuit court did not err in determining that Old Republic had no duty to defend title in this matter.

Even under the fatally flawed assumption that the Old Republic policy did somehow apply to the Temple Drive property, the policy provided a clear and unambiguous exception which defeated the coverage sought by petitioner. Based upon the clear and unambiguous language of the Title Commitment, Old Republic had no obligation to defend any suits for "any facts, rights, interests, or other claims that are not shown in the public record but that could be ascertained by an inspection of the land or by making inquiry of persons in possession of the land." Alternatively, the Homeowner's policy had corresponding exclusions "for such state of facts discoverable by an accurate survey and inspection of the premises" and for "rights or claims of parties in possession not shown by the public records" concerning "[e]asements, discrepancies or conflicts in boundary lines, shortage in area and encroachments which an accurate and complete survey would disclose." Here, a complete survey was conducted at the behest of petitioner. Inasmuch as the complete survey would, and in fact did, resolve the issues in the Temple civil action, we find that the circuit court did not err when it determined that Old Republic did not have any obligation to defend petitioner in this suit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 23, 2020

---

[5] Petitioner maintains that this fact was not known to Old Republic at the time that the duty to defend first arose. Inasmuch as the circuit court found that an exclusion precluded coverage for the claims brought by petitioner, a finding which we do not find to be error, this simply provided an additional ground for Old Republic to deny petitioner's claims.

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison